## Miraglia, Appellant, *v.* Publicker Commercial Alcohol Co. et al.

Argued September 26, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Marcus B. Sacks,* for appellant.

*Jay B. Leopold,* for appellee.

OPINION BY PARKER, J., July 13, 1934:

The sole question raised on this appeal involves a consideration of the time within which a petition to modify, reinstate, suspend, or terminate agreements or awards may be presented under the Workmen's Compensation Act of 1915, as amended by the Acts of June 26, 1919, P. L. 642, §6, and April 13, 1927, P. L. 186, §6 (77 PS 772).

The claimant was injured on August 16, 1926, and compensation was paid to him for total disability pursuant to an agreement of the parties from August 27, 1926, to January 25, 1928. At that time, on petition of the defendant, the agreement for total disability was terminated and he was awarded compensation for partial disability from January 25, 1928, which was paid to September 26, 1928. Thereafter the referee on petition again awarded compensation for total disability from October 11, 1928, to January 28, 1929, and from the latter date compensation for partial disability for an indefinite period, and such compensation was paid to June 6, 1932. On June 11, 1932, 300 weeks having been completed during which he was entitled to compensation for partial disability, the defendant presented a final receipt to claimant which he refused to sign. On June 17, 1932, claimant filed a petition to modify or reinstate the original agreement, alleging that he was totally disabled. It is apparent that the

last petition to reinstate, which is the matter now in controversy, was properly made under the second paragraph of Section 413.

The referee found that claimant was totally disabled as a result of the original accident and directed that the original agreement be "modified so as to provide for the payment of compensation for total disability in accordance with the terms of the original agreement until such time as the claimant's disability ceases or changes in extent, within the limitations of the Workmen's Compensation Act; the defendant, however, being entitled to credit for all compensation heretofore paid on account of said agreement." On appeal, the Workmen's Compensation Board did not disturb the findings of fact but set aside the award on the ground that the petition had not been presented within the period of 300 weeks during which the defendant was paid compensation, the latter portion of which was for partial disability, relying upon the case of Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 A. 731. The case having been appealed to the court of common pleas, the order of the Workmen's Compensation Board was affirmed and an appeal was then taken to this court. We are all of the opinion that the board and court erred in their construction of the act and interpretation of the Zupicick case.

As the facts set forth above show, there had been an agreement for the payment of compensation for total disability for an indefinite period under which compensation was paid for about seventeen months, and there had been an award under which compensation was paid for total disability for more than two months.

Prior to the amendment of 1927, the Supreme Court in the case of Gairt v. Curry Coal Mining Co., 272 Pa. 494, 497, 116 A. 382, adopting the language of the chairman of the Workmen's Compensation Board,

said: "A disability agreement contemplates a total payment of compensation to the claimant for a period of 500 weeks. If, for any good cause ...... by action of the board, the employer is relieved of payment of compensation, at any time during that period, such action is entirely to the benefit of the employer, and he cannot complain if, subsequently, during the 500 weeks, a changed status of the claimant revives the employer's liability to pay compensation ...... It was beyond the power of the referee to find that total disability had so absolutely ceased that there could be no further liability on the part of the employer to pay the injured man on that basis. All the referee could [properly] find, as a fact, under the medical testimony at the time, was that the malignant features of total disability had disappeared; he could not find, nor could any human being know, that, at some time in the future, within the running of the agreement as contemplated by the law, there would not be a recurrence of total disability [as there has been in this case]. When a workman is injured and a compensation agreement is entered into, it is within the minds of the parties, or at least the law imputes the intention to the parties, that such agreement may run 500 weeks, if the injury develops total disability for that length of time; so that, when the board, either of itself, or by one of its referees, relieves the employer of such payment, it merely suspends that payment or that obligation, waiting further developments of injuries." Here, as in the Gairt case, the referee terminated the original compensation agreement when, as a fact, all he could properly do in that respect was to make a finding as to the changed condition.

It is, therefore, clear that prior to the amendment of 1927 the claimant would have been entitled at any time within the period of 500 weeks to present a petition for modification if he was totally disabled. By

the Act of 1927, Section 413 was amended by fixing limitations as to the time within which petitions under the second paragraph thereof might be presented. That section now provides that the board or referee "may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award ...... upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed ......: Provided, That, except in the case of eye injuries, an agreement or an award can only be reviewed, modified, or reinstated during the time such agreement or award has to run, if for a definite period; and, except in the case of eye injuries, no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement." It will be noted that the first limitation applies only to cases where the award is "for a definite period." Agreements or awards under Section 306 (c) are agreements or awards which are to run for a definite period. Here, the original agreement was for an indefinite period. Consequently, there is nothing in this limitation to affect the rights of this claimant. This conclusion is in harmony with what we said in the Zupicick case, supra (p. 169): "This second paragraph was affected by the amendment of 1927, supra,—except as to eye injuries—by fixing a time limit within which the review, modification and reinstatement could be applied for, viz., as to agreements or awards under Section 306 (c), which were for a definite period, during the time the agreement or award was to run; as to all other agreements or awards— except eye injuries,—within one year after the date of the last payment of compensation." As to the second limitation, the petition for reinstatement was pre-

sented within ten days—much less than one year—after the date of the last payment of compensation.

Applying the law as declared in the Gairt case, the time for presentation of a petition to modify or reinstate on account of total disability was limited by the 500 weeks period that the agreement for such total disability had to run and not by the 300 weeks period.

In the case of Wyinskie v. P. & R. C. & I. Co., 95 Pa. Superior Ct. 170, 172, in applying the case of Gairt v. Curry Coal Mining Co., supra, to cases of partial disability, we were careful to point out that the claimant did not establish a recurrence of total disability, that the period for which partial disability was payable under Section 306 (b) was 300 weeks, and that as a consequence a petition alleging a recurrence of partial disability after 354 weeks was too late. Also, see Ludington v. Russell Coal Co., 90 Pa. Superior Ct. 318; Johnson v. Jeddo-Highland Coal Co., 99 Pa. Superior Ct. 94; and Zupicick v. P. & R. C. & I. Co., supra. In the case of McKissick v. Penn Brook Coal Co., 110 Pa. Superior Ct. 444, 168 A. 691, the finding of the referee in the petition to reinstate was that partial and not total disability existed and, as a consequence, we held that the 300 weeks period was applicable.

The referee failed to find the specific date when total disability began for the last time, or when the partial disability changed to total disability. Consequently, it is impossible for us to dispose of the matter here, and it will be necessary, unless the parties can agree, for the court of common pleas to refer the case to the Workmen's Compensation Board for the purpose of having a definite finding made as to the date when total disability last began.

The judgment is reversed, and the record is remitted to the court below with instructions to remit the

record, if necessary, to the Workmen's Compensation Board for specific findings of fact as to when total disability last began and, if necessary, for further hearing as prescribed by law to the end that judgment may be entered for claimant for a proper amount.