Foster *v.* Mellon Stuart Co. et al., Appellants.

Argued April 26, 1934.

Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Samuel G. Wagner,* and with him *Leo A. Nunnink* of *Meyer & Nunnink,* for appellants.

*John D. Moffat,* for appellee.

OPINION BY PARKER, J., July 13, 1934:

The claimant, Henry Foster, was seriously injured on August 14, 1928, and compensation was paid to him until March 21, 1929, under an open agreement for total disability. By a supplemental agreement he was paid for partial disability from March 22, 1929. The defendant, on March 21, 1930, filed a petition to terminate upon which a hearing was held. On November 14, 1930, the referee dismissed the petition for termination and made an award of $8.50 per week. It is admitted that this award should have been for $8.58 and that the sum of $8.50 was a clerical error which should be corrected. Again on July 28, 1931, defendant petitioned for a termination, alleging that the claimant was able to return to work as of July 7, 1931. Compensation was not paid after July 10, 1931. To the petition the claimant made answer that he was then totally disabled. A referee, after hearing, refused the petition to terminate, holding that claimant had been totally disabled since the accident and was entitled to compensation for such total disability from November 15, 1930, the defendant to have credit for

payments for partial disability from November 15, 1930, to July 10, 1931, and the defendant was further directed to pay to claimant a sum equivalent to eight cents per week for the period from March 20, 1930, to November 14, 1930. This action of the referee was affirmed by the board and on appeal to the court of common pleas judgment was entered for the claimant on the same basis.

The defendant, in support of its appeal, first urges that the agreement for payment of compensation for partial disability was merged in the first award for partial disability and cannot later be modified on the finding of fact that the claimant was totally disabled since the accident. In Putt v. Laher Ice Cream Co., 105 Pa. Superior Ct. 536, 538, 161 A. 622, we held that where one exercised his right to petition for a modification of an agreement under the second paragraph of section 413, "the order entered upon such application was an award. It was the result, not of an agreement between the parties, but was the official act of the referee ...... The amount payable, therefore, was under the award ...... If there was a dissatisfaction with the award, the appropriate remedy was by an appeal." Applying this rule to the facts in the present case, however, the result is that the finding of the referee on November 14, 1930, affirmed by the board that claimant was only partially disabled not having been appealed from was conclusive as to claimant's condition up to and including November 14, 1930, and no longer. This is precisely what we held, speaking through Judge CUNNINGHAM, in the case of Roeschen v. Dietrich, 107 Pa. Superior Ct. 298, 302, 163 A. 63, where it was said: "The fundamental error of the board here, as in the Higgins' case, consisted in its failure to recognize and treat the order of their predecessors as a definitive, appealable, award of compensation for partial disability up to October 1, 1928, and

no longer.'' By the answer to the petition to vacate filed by claimant, the claimant put in issue for determination by the compensation authorities not only the claim of defendant to terminate, but the claimant's demand for a change from compensation for partial disability to that for total disability. The compensation authorities and court below properly held that it was too late to disturb the award as to the amount payable to claimant prior to November 15, 1930. For this reason it would have been proper for the referee and board to have confined its finding to the period as to which they had jurisdiction. Both held that the total disability had existed from the time of the accident, which period exceeded that as to which they had jurisdiction. They have definitely held, however, that he is now totally disabled and the finding, insofar as it covered a period as to which they were not concerned, cannot be sustained.

The defendant raises another question which does not seem to have been decided by the appellate courts and as to which there is more merit. It contends that the compensation having been paid and accepted for partial disability to July 10, 1931, under an award and the second petition to terminate not having been presented until July 28, 1931, the referee and board could not increase the award for the period prior to July 10, 1931. The payments which were made between November 15, 1930, and July 10, 1931, were made under the award: Putt v. Laher Ice Cream Co., supra (p. 539) ; and the claimant did not ask for compensation for total disability prior to July 10, 1931. The sums awarded were paid and accepted as satisfaction; there was no allegation of fraud or mistake of law or fact except as to the eight cents per week as to which there is no controversy. If an employee were permitted to question the amount of payment made on account of a change in his condition during

the term for which he accepted payment under an award, we see no reason why the employer might not likewise go back an equal distance. This would work a serious hardship on both parties. When a payment is made under an award, the parties are bound thereby, at least insofar as any change may be made by virtue of the second paragraph of Section 413, and such we believe was the intention of the legislature.

We are all of the opinion that the record should be returned to the court below for the purpose of entering a judgment for total disability for the period beginning July 10, 1931, with a proper allowance for interest as provided for by the statute and with a sum sufficient to correct the clerical error of eight cents per week covering the period for which partial disability was paid at the rate of $8.50 per week.

The judgment of the lower court is reversed and the record is remitted to the court below for the purpose of entering a judgment not inconsistent with this opinion.