## McGuire, Appellant, *v.* Dougherty & Jennings et al.

486

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*A. L. McLaughlin, Jr.,* for appellant.

*Murray J.* and *Fred J. Jordan,* for appellee.

OPINION BY CUNNINGHAM, J., July 18, 1935:

This appeal by the claimant in a workmen's compensation case is from a judgment of the court below, reversing the action of the compensation authorities in making an award for additional compensation and entering judgment in favor of the defendants.

The principal difficulty with claimant's contention is that upon two occasions, when final orders were made against him by a referee, he neglected to avail himself of his rights under the Workmen's Compensation Act of June 2, 1915, P. L. 736, and its amendments, by taking the appeals therein authorized.

A history of the case is essential to the development of the controlling questions.

On December 5, 1928, claimant, while in the course of his employment with Dougherty and Jennings, as a foreman, fell from a scaffold and suffered injuries to his head and right shoulder, the latter being the more serious. Compensation for total disability was paid at the maximum rate of $15 per week, under an open agreement, until February 20, 1929; he refused to sign a final receipt, but returned to work and was employed until May 1, 1929.

The following month his employer filed a petition to terminate the agreement. The referee, after a hearing, decided that claimant was partially disabled by reason of the injury to his shoulder, but suspended payments of compensation, as of February 20, 1929, until the extent of his earning power could be shown.

This effort on the part of the employer to terminate the agreement was adjusted by the execution of a supplemental agreement in October, 1929, under which it was stipulated that the status of claimant had changed on May 1, 1929, (the date upon which he quit work), and under which he was paid for partial disability from that date to June 3, 1930, when he resumed work and continued at irregular intervals.

On June 12, 1930, a second petition to terminate was filed, under which medical testimony was taken in March, 1931, before a referee who made a finding that claimant had sufficiently recovered on June 3, 1930, to resume regular employment and that any disability he may have suffered since that date was due to a systemic condition, neither caused nor affected by the accident. Under date of March 26, 1931, (the important date in this case) the referee made an order that the supplemental agreement "be terminated as of June 3, 1930."

This was clearly a final appealable order. No appeal from it was taken by the claimant to the board;

as a result, it became a conclusive determination that his compensable disability had ceased on June 3, 1930.

The next step was the filing by claimant on July 10, 1931, of a petition, under Section 413, for the reinstatement of the original agreement. The ground upon which he sought reinstatement was thus stated: "That since the referee's order of March 26, 1931, I have tried to work but am unable, on account severe pain in my right arm and shoulder. I can produce medical testimony to show that I need an operation of the right clavicle and that I am unable to work at the present time, on account of my accident of December 5, 1928."

At this point we may note that one of the contentions on behalf of the defendants is that the filing of this petition was barred by the amendment of April 13, 1927, P. L. 186, to the second paragraph of Section 413, requiring such petitions to be filed within one year after the date of the last payment of compensation. This contention cannot be sustained. It is true that the petition was filed more than one year after June 3, 1930, the date as of which payments were terminated, but it was filed within less than four months after March 26, 1931, the date of the order of termination. While the situation here is not exactly the same as in Higgins v. Com. C. & C. Co. et al., 106 Pa. Superior Ct. 1, 161 A. 745, (in which an appeal had been taken to the board), or in Wilson v. National Freight and Delivery Co. et al., 108 Pa. Superior Ct. 472, 165 A. 259, (in which a petition for a hearing de novo had been filed), yet, under the principles announced in those cases, the petition filed by this claimant on July 10, 1931, was in time. Under the circumstances here present, the limitation of one year did not begin to run until the date of the final order of the referee terminating compensation, and the board therefore had jurisdiction to entertain it. The board referred it to the referee who had entered the prior order of termination.

When the case came on for a hearing, at which claimant was represented by counsel other than his counsel in the present appeal, the referee entered an order under date of March 29, 1932, the material portions of which read:

"In view of the averments of ...... counsel for claimant, as to what he proposes to prove, and, in view of the fact that he does not claim a recurrence of disability since the order of termination was filed ...... but rather a continuing disability, and that the claimant at the time the order of termination was made ...... was still totally disabled as the result of the accident complained of, it is our opinion that the proper petition or procedure on the part of the claimant is to file a petition for a rehearing with the compensation board. ......

"It is our opinion, therefore, that the petition filed by the claimant to reinstate compensation under the terms of the original agreement should be, and accordingly is hereby dismissed."

This order was erroneous from several points of view. In the first place, rehearings are governed by Section 426 of the statute, as amended by the Act of 1927, supra; that section provides that the board, upon petition of any party and upon cause shown, may grant a rehearing of any petition "upon which the *board* has made an award or disallowance of compensation or other order or ruling, or has sustained or reversed any action of a referee." Up to this point, the case had never been before the board and, of course, there had been no action of any kind by the board upon which a rehearing could be had. The petition should have been heard by the referee on its merits for the purpose of ascertaining, under such proofs as claimant might submit, whether there had been any change in his physical condition since the order of termination of March 26,

1931. We have repeatedly held that the proofs, and not the averments of the petition, are controlling.

As the petition was dismissed by the referee upon erroneous grounds, claimant's clear remedy was an appeal to the board, but no appeal was taken. Instead of taking an appeal, claimant, through his then counsel, filed a petition with the board on April 11, 1932, reciting the history of the case, averring that he was prepared to produce additional medical testimony to show that he was still partially disabled, and concluding with this prayer:

"Wherefore, your petitioner prays your Honorable Board to grant a rehearing so that additional evidence may be produced in accordance with Section 426 of the Act of April 13, 1927, P. L. 186, so that the interests of justice may be met, and claimant permitted to show his physical disability at the present time."

The defendants answered, setting forth, inter alia, that by reason of the entering of the order of termination of March 26, 1931, and the failure of claimant to appeal therefrom, the matters covered thereby had become res judicata, and also that the petition was barred by the limitation of one year in Section 426.

The questions of law thus raised by the answer should have been determined by the board in favor of the defendants. In addition to what we have said with relation to the inapplicability of Section 426 to the situation existing in this case, more than one year had elapsed between the order of termination and the filing of this petition for a rehearing. It is expressly provided by the amendment to Section 426 that no rehearing, upon the application of a party (Ellis v. Jones & Laughlin Steel Co., 111 Pa. Superior Ct. 252, 262, 169 A. 263) shall be granted more than one year after the board has taken the action with relation to which a rehearing is sought.

The board, instead of dismissing the petition as was

its duty, made an order on May 2, 1932, referring the record to the referee "for the purpose of rehearing." When the matter came on for rehearing on February 1, 1933, before the referee, that official, over the objection of counsel for defendants, proceeded to take the testimony of a number of medical experts, including that of an impartial expert appointed by him. Under the conclusion we have reached, this testimony need not be discussed. In his report and findings, under date of April 4, 1933, the referee correctly said that the case had been "referred back to [him] by the [board] for a rehearing of *the petition to terminate filed by the defendants June 12, 1930."* Under the suggestion contained in his order of March 29, 1932, and the language of the petition, the action of the board could mean nothing else.

We direct attention to this matter at this point because of the subsequent effort on the part of the board to justify its action in granting the rehearing by saying that the "rehearing" granted was a rehearing of *"claimant's petition to reinstate."* The position thus taken by the board is untenable. Everything about this record demonstrates that the petition was for a rehearing with respect to the action of the referee in terminating the supplemental agreement on March 26, 1931. It is idle to suggest that it was for a rehearing of his action on March 29, 1932, in dismissing the petition for reinstatement of the original agreement. The court below took this view of the matter, saying in its opinion by MOORE, J., that the board "erred as a matter of law in construing the petition for rehearing, ...... as a rehearing of the ...... reinstatement petition." We concur in that conclusion.

The referee, after considering the medical testimony taken before him in February and March, 1933, reversed himself and held that on June 3, 1930, claimant had not recovered, but had a 40% partial disability

from and after that date. We therefore have a situation in which a referee, more than two years after a matter had become res judicata, opened up the question, took additional testimony and reversed his former findings, and all without any authorization under the statute. By this method the referee reached the conclusion that "the order of termination filed March 26, 1931, should be rescinded" and an award made to the claimant for partial disability under Section 306 (b) from June 3, 1930, to continue, subject to the limitations of the statute, so long as claimant's disability remained unchanged.

An order was accordingly entered, setting aside the former order of termination and awarding compensation for partial disability, at the rate of $11.70 per week, with interest, etc.

Upon defendants' appeal to the board, that tribunal undertook, without any justification in the record, to change the referee's order from one rescinding the prior order of termination into an order that "the petition of claimant to reinstate compensation should be granted." After thus switching its action from the granting of a rehearing upon the order of termination of March 26, 1931, into the granting of the dismissed petition for reinstatement of the original agreement, the board proceeded to affirm the award for partial disability.

When the case reached the court below upon the defendants' appeal from this unwarranted action of the board, it properly reversed the action of the compensation authorities and entered judgment in favor of the defendants, correctly saying: "On the hearing granted upon the petition for rehearing, the referee acted upon a matter that was res judicata, and with no appeal having been taken from his former decision; and the board erred in affirming the referee's findings on the said matter which was res adjudicata. ...... To allow

this adjudication to stand, in effect permitting the evasion of the requirement of appeal, would naturally tend to marked unsettlement in procedure in this type of actions."

Judgment affirmed.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.