McGee *v.* Youghiogheny & Ohio Coal Company,
Appellant.

Argued October 8, 1935.

Before
KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES
and RHODES, JJ.

*Fred B. Trescher,* of *Kunkle, Walthour & Trescher,* for appellant.

*Rufus S. Marriner,* of *Marriner & Wiley,* for appellee.

OPINION BY RHODES, J., January 31, 1936:

This is a workmen's compensation case. The appeal is by an employer from the judgment entered upon an award by the Workmen's Compensation Board in favor of the employee.

The controversy is the result of the claimant's filing, on March 27, 1930, a petition for review of compensation agreement No. 2,523,324, dated August 12, 1929, under Section 413 of the Act of June 2, 1915, P. L. 736, as amended by the Acts of June 26, 1919, P. L. 642, §6, and April 13, 1927, P. L. 186, §6 (77 PS §§771-774).

The claimant, Richard McGee, was injured, on July 15, 1929, by a fall of slate and coal, at defendant's mine. The parties entered into an open agreement for compensation for total disability at the maximum rate of $15 per week. The agreement described the accident as follows: "Fall of slate and coal from rib, left hip and ankle bruised." The agreement also set forth that the average weekly wage of the claimant at the time of the accident was $23.37.

The claimant endeavored to return to work, while on crutches, but was unable to continue after nine days,

during which time he was engaged in cleaning brick and shoveling sand. On September 21, 1929, he signed a final receipt and received compensation in the amount of $57.86, covering a period of three and six-sevenths weeks. This receipt sets forth that his disability began on July 16, 1929, and that he was able to return to work on the 19th day of August, 1929. The rate of wage is not given.

Previous to the accident, claimant was employed by the defendant, loading coal at its mine where he had been so employed for a period of about two years previous to July 15, 1929.

On March 27, 1930, six months after the signing of the final receipt, plaintiff filed with the board his petition "to review the said agreement as provided in Section 413 of the Workmen's Compensation Act of 1919." The ground upon which he sought a review was stated as follows:

"...... any paper I signed I thought it was a receipt, or receipts, for money due me and not a paper saying that I was able to go back to work and able to work.

"And in support of the above allegations I state the following facts: I did try to work, and I believe it was after I signed the paper, or papers, referred to above; I tried to clean mortar off old bricks and did that right easy, I could sit down. Then I was put at handling sand with shovel but could not do that successfully because could not use my crutch. I never signed a release knowingly."

The defendant answered this petition for review of the compensation agreement, denying that the claimant did not know that he was signing a final receipt. The answer also set forth "That the claimant has fully recovered from the injuries sustained while in the employ of The Youghiogheny & Ohio Coal Co., July 15, 1929. That claimant was badly injured a number of

years ago and his physical condition is now the same as it has been for the past ten years"; and that the agreement should not be reinstated, as "the claimant is not now suffering any disability as a result of the injury of July 15, 1929." A hearing was held before Referee Johns on the issues raised by the petition and answer. On May 27, 1930, the referee found that the claimant, on September 21, 1929, at the time he signed the final receipt, was suffering with a disability, partial in character, as a result of the injuries sustained on July 15, 1929; that he still had a disability, partial in character, which prevented him from doing any kind of work requiring him to be on his feet; and that claimant had not established an earning power upon which could be determined his loss in earnings. The referee thereupon set aside the final receipt, reinstated the compensation agreement, and suspended compensation payments, as of September 21, 1929, until such time as claimant established a loss of earning power.

The defendant appealed to the board, and that tribunal, on August 21, 1930, affirmed the findings of fact and order of the referee. There was no appeal from the board's decision.

On October 10, 1930, approximately one year and two weeks after the last payment of compensation, the claimant filed his petition with the board, averring "that subsequent to the said September 21, 1929, my disability continued in the following manner and to the following extent: Has been a total disability, the said claimant has not worked or earned one cent since the date of suspension, September 21, 1929, and now prays to be allowed a hearing for the purpose of showing the extent of loss of earning power." The petition was captioned "Petition for Reinstatement of Compensation Agreement," and petitioned the board "to reinstate the said Agreement which was suspended on September 21, 1929." An answer was filed by the defendant, denying

the averments in the petition and alleging that the claimant had no present disability, as the result of the injury complained of, and that he has suffered no loss of earning power. The matter was referred to Referee Johns, who held hearings on the issues raised.

At a special hearing before Referee Lutz, it was agreed between the parties that he should dispose of the case on the testimony previously taken before Referee Johns. Thereupon, he filed his opinion, on August 14, 1931, in which he found that claimant's disability was confined wholly to his left leg, as a result of his accidental injury on July 15, 1929, and that he was apparently totally disabled, but there was no testimony establishing disability, other than to the left leg. The referee provided for the payment of compensation at the rate of $15 per week, beginning July 23, 1929, for a period of 215 weeks, with the right to the claimant to ask for further modification of the compensation agreement, should a disability exist beyond the loss of the use of his left leg for industrial purposes, after payments under the agreement had been made. The defendant again appealed to the board, and averred that claimant suffered no disability as the result of the accidental injury on July 15, 1929, and that the only matter properly before the referee was the determination as to the loss of claimant's earning power, and, if such loss were established, then a modification of the agreement in accordance with the referee's determination as to the loss of such earning power.

The board, on January 28, 1932, filed its opinion on the appeal by the defendant. The board found that the referee erred in awarding compensation for the loss of claimant's leg for industrial purposes, and ordered a further hearing for that and other reasons set forth in the opinion. The record was remanded to Referee Lutz for rehearing.

On October 5, 1932, the referee found that the claim-

ant's disability, as a result of the accidental injury on July 15, 1929, was total, and awarded compensation for total disability, at the rate of $15 per week, beginning August 19, 1929, with interest on any sums due under the award. The defendant again appealed from the referee's findings of fact and conclusions of law; whereupon the board vacated and set aside the adjudication of the referee, and substituted its own findings and conclusions in its opinion dated February 23, 1933. The board made an award that the defendant pay to the claimant the sum of $11.87 per week, beginning as of July 23, 1929, less the sum of $57.86 previously paid, and less the sum of $27 received by the claimant as wages from September 3 to September 15, 1929. The board found that the average weekly wage, appearing in the original agreement, of $23.37 was an error, and modified the agreement on the basis of a wage rate of $18.26 per week.

The defendant appealed to the court of common pleas, which, on November 18, 1933, reversed the board, holding that the award made by the board did not state whether it was for total or partial disability, and that finding No. 7—stating that the claimant's disability was partial in September, 1929—and finding No. 8—stating that claimant's disability was total on July 15, 1929, and continued to the present time—were contradictory. The court further held that the referee's finding of partial disability, on May 27, 1930, was res adjudicata as of that date. The court remitted the record to the board for further findings in accordance with its opinion.

The board, pursuant to the opinion of the court of common pleas, made new findings and conclusions, as set forth in its opinion dated December 9, 1933, in which it awarded claimant compensation from September 21, 1929, to May 28, 1930, on the basis of a 90 per cent. partial disability, or at the rate of $13.67 per week, and

from May 28, 1930, for total disability, payments to continue within the limitations of the act, at $15 per week, until such time as the disability of the claimant shall change in effect. Interest was awarded at 6 per cent. per annum on all accumulated payments. Payments were based on an average weekly wage of $23.37.

Defendant appealed from the award of the board to the court of common pleas, which, on March 16, 1935, affirmed the award of the board and entered judgment thereon in favor of the claimant in the amount of $4,936.47. From that judgment, the defendant appeals to this court.

The first contention of the appellant is that the claimant is barred from recovery, due to his failure to comply with paragraph 2, Section 413, of the Workmen's Compensation Act, as amended (77 PS §772), in that his petition of October 10, 1930, was filed more than a year after the last payment of compensation on September 21, 1929.

The claimant's procedure is clearly proper, and appellant's contention cannot be sustained. The petition of October 10, 1930, was filed more than a year after September 21, 1929, the date of the last payment of compensation; but it was filed within 2 months after August 21, 1930, the date of the affirmance by the board of referee's order setting aside the final receipt, reinstating the compensation agreement, and suspending compensation payments, as of September 21, 1929, until such time as the claimant established a loss of earning power.

The compensation agreement was, therefore, reinstated on the petition of the claimant filed March 27, 1930. The petition filed October 10, 1930, was not for the reinstatement of the compensation agreement, although thus erroneously captioned, but was presented for the purpose of having claimant's loss of earning

power established. The form of the petition is not controlling.

The petition of October 10, 1930, was in time. The compensation agreement having been reinstated, there was no need for another petition for reinstatement. But it was necessary, in view of the action of the referee, which was affirmed by the board, that the claimant act to have his earning power established, as payments of compensation were suspended until this was done. Any limitation in this connection could not begin to run until the date of the board's affirmance, August 21, 1930, of the referee's order. See Higgins v. Com. Coal and Coke Co. et al., 106 Pa. Superior Ct. 1, 161 A. 745; Wilson v. National Freight and Delivery Co. et al., 108 Pa. Superior Ct. 472, 165 A. 259; McGuire v. Dougherty & Jennings et al., 119 Pa. Superior Ct. 485, 180 A. 168.

The appellant also questions the sufficiency of the evidence to support the findings of claimant's disability and loss of earning power. We are of the opinion that the testimony is sufficient to establish that the injuries sustained by the claimant, on July 15, 1929, damaged an already disabled hip joint, with subsequent absorption of the bone, and absorption of the cartilage of the joint, to such an extent that it is almost completely ankylosed between the head of the femur and the acetabulum or pelvic bone; that claimant was thereby rendered totally disabled on May 28, 1930; that this status will continue without abatement for an indefinite period of time; that from September 21, 1929, the date of suspension of compensation, to May 28, 1930, claimant had sustained a loss of earning power of 90 per cent. These findings, as set forth in the sixth finding of fact by the board, in its opinion filed on December 9, 1933, are supported by competent testimony. The evidence was sufficient to establish the fact that the claimant was totally disabled, as the result of the accidental injury

on July 15, 1929, and that his total disability continued thereafter.

We find no merit in the appellant's contention that claimant's testimony is irreconcilable and not sufficient to support a finding that he was totally disabled as a result of the accident. There was considerable medical testimony, four doctors having testified for the claimant, three for the appellant, and one impartial expert was called by the referee. We have no such irreconcilable conflict or confusion in the medical testimony presented by the claimant as to bring it within the case of Mudano v. Philadelphia Rapid Transit Co., 289 Pa. 51, 137 A. 104. The medical experts called by the appellant differ with those called by the claimant and with the expert called by the referee. However, we are satisfied, upon a careful examination of the entire record, that there was sufficient competent evidence to sustain the finding that the claimant sustained an accidental injury, while in the employ of the appellant, and that he has not been able to work since, as a result thereof. Claimant had been steadily employed for nearly 2 years by the appellant, as a coal loader, until the accident. See Mohr v. Desimone and Sayers, 110 Pa. Superior Ct. 44, 167 A. 504.

The finding of the referee, on May 27, 1930, that the claimant was suffering with a disability, partial in character, as a result of the injuries sustained on July 15, 1929, and affirmed by the board on August 21, 1930, was conclusive as to claimant's condition up to and including May 27, 1930, and no longer. See Roeschen v. Dietrich et al., 107 Pa. Superior Ct. 298, 163 A. 63; Foster v. Mellon Stuart Co. et al., 114 Pa. Superior Ct. 311, 173 A. 773. The finding of partial disability up to May 28, 1930, was final, although the testimony disclosed a total disability. An award on the basis of total disability, covering the period from September 21, 1929, to May 28, 1930, could not be made, but the subsequent

board could properly find from the testimony a partial disability of 90 per cent., as there had been no determination by the previous board as to claimant's loss of earning power.

There was an apparent error in the board's finding that the average weekly wage of the claimant was $23.37. At the argument before this court, it was agreed that the average weekly wage of the claimant was $18.26, and corrections shall therefore be made on this basis.

Finally, the appellant raises the question of interest on the award. Section 410 of the Act of June 2, 1915, P. L. 736, as amended by the Acts of June 26, 1919, P. L. 642, §6, and April 13, 1927, P. L. 186, §5 (77 PS §751), provides for the payment of interest on accumulated unpaid installments of compensation. In the case of Morris v. Bulletin Co., 110 Pa. Superior Ct. 377, 168 A. 777, it was held that the effect of the act was to put the claimant, when his right to compensation is finally adjudicated in his favor, after appeal, in the same position as if no appeal had been taken, considering interest at 6 per cent. equivalent to the loss of the use of the money.

We are of the opinion that the record must be returned to the court below for the purpose of entering judgment on the basis of an average weekly wage of the claimant of $18.26, for partial disability of 90 per cent., from September 21, 1929, to May 28, 1930, and for total disability, beginning May 28, 1930, with an allowance for interest on the compensation payments from the time that they ought to have been paid.

The judgment of the court below is reversed, and the record is remitted to the court below for the purpose of entering a judgment in conformity with this opinion.