Carrara, Appellant, *v.* Hallston Coal Company et al.

Argued April 17, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Carmen V. Marinaro,* for appellant.

*S. H. Torchia,* with him *Claude T. Reno,* Attorney General, and *John T. J. Brennan,* for appellees.

OPINION BY CUNNINGHAM, J., September 29, 1939:

The employer and its insurance carrier in this workmen's compensation case have paid the appellant-claimant the entire amount of compensation due him under the record as he and his counsel have deliberately made it. Therefore the judgment entered in their favor must be affirmed.

While in the course of his employment in the mine of the defendant coal company on August 18, 1926, claimant was accidentally and severely injured.

It being impossible to determine immediately the extent of his injuries and consequent disability, an open agreement was executed by the parties and approved by the board, providing for the payment of compensation at the rate of $12 per week (the maximum under the then applicable amendatory act of June 26, 1919, P. L. 642) beginning August 29, 1926. It contained this description of the accident and injuries: "While pushing car in room piece of slate fell on back, badly bruising shoulders and back, two fractured ribs under shoulder blades."

Two years later, in August, 1928, the defendants filed, but withdrew, a petition for termination of the agreement.

On November 22, 1928, claimant filed a petition with the board alleging that his disability had become total and permanent and praying for an appropriate modification. Defendants answered that the extent of disability could not then be determined and stated payments were being regularly made under the existing agreement for "undetermined disability." Hearings were had before a referee at which conflicting medical testimony was adduced. Upon his finding that claimant was then totally, but not permanently, disabled, the referee on December 26, 1928, dismissed claimant's petition. No appeal was taken.

Claimant filed on March 8, 1929, a second petition for an adjudication that his disability was then permanent

and total. Defendants denied the averments of the petition and demanded proof.

At the hearing fixed by the referee for May 3, 1929, the parties appeared with their respective counsel and medical experts. No evidence was offered by either side and the issue raised by the pending petition and answer was disposed of by the following stipulation and award:

"The claimant was represented by Mr. A. R. Cingolani and the defendant by Mr. Wm. G. Dick, of the State Workmen's Insurance Fund, and after a consultation with the doctors present at the instance of the claimant, without taking any testimony the parties agreed, Mr. Cingolani for the claimant and Mr. Dick for the defendant, that the claimant as of this date, May 3, 1929, has sufficiently recovered to resume some form of employment, but that he still is partially disabled, entitling him to the maximum compensation for partial disability and agreeing further that his condition is a permanent one and requested the referee to so find and dispose of the case on this basis.

"We, therefore, adopt this agreement or stipulation as a part of our findings of fact, and find that the claimant as of this date, May 3, 1929, had sufficiently recovered to resume some form of remunerative employment but that he is not able to resume his regular employment and that he has a partial disability, entitling him to compensation at the rate provided in the original agreement or at the rate of $12 per week, the maximum for partial disability, and to continue for the balance of the 300 week period, the said 300 week period being computed from ten days after the accident and that the same is a permanent condition, the defendant to be credited on this period of 300 weeks in the number of weeks already paid claimant under the open agreement for total disability.

"Order. Your referee accordingly orders, adjudges and decrees that Agreement No. 2032701 be modified

as of May 3, 1929 by providing for the payment of compensation to claimant as partial disability at the rate of $12 per week for the balance of the 300 week period. The defendant to take credit on this order in the amount of compensation already paid as total disability."

In our opinion, the legal effect of the above action by the referee was the making, by agreement of the parties, of a definitive award of compensation for partial disability, in accordance with Section 306(b) of our Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642. The court below so held and we are in accord with it upon this feature of the case.

No appeal was taken from the award by either party, nor was a petition filed, within the year, by either for a rehearing, under Section 426, 77 PS §871, of the petition upon which the award was made. It was therefore conclusive of everything up to its date, but it was open to modification, during its life, at the instance of either party, in the event that claimant's disability increased or decreased, or to termination if it ceased, by appropriate proceedings under the second paragraph of Section 413, 77 PS §772: *Kilgore v. State Workmen's Ins. Fund et al.*, 127 Pa. Superior Ct. 213, 219, 193 A. 294; *Foster v. Mellon Stuart Co. et al.*, 114 Pa. Superior Ct. 311, 173 A. 773; and *Shepherd v. Pittsburgh Provision and Packing Co. et al.*, 137 Pa. Superior Ct. 146, 8 A. 2d 482.

The potential life of the award was 300 weeks from the tenth day after the accident; that period *expired May 28, 1932.*

The only action taken between the date of the award (May 6, 1929,) and the expiration of the statutory period of 300 weeks was an application by the claimant, on July 1, 1929, for a partial commutation of the payments which would accrue during the then remaining 151 weeks of the period in order that he might pay an overdue mortgage upon his farm of 85 acres, where

he lived with his wife, two adult and two minor sons, and an unmarried daughter. Commutation to the extent of $1500 was granted and paid.

With the expiration on May 28, 1932, of the period of 300 weeks all liability upon the part of the defendants in this case to make any further payments of compensation to this claimant ended: *Zupicick v. P. & R. C. & I. Co.,* 108 Pa. Superior Ct. 165, 172, 173, 164 A. 731; *McKissick v. Penn Brook Coal Co.,* 110 Pa. Superior Ct. 444, 168 A. 691; *Lomancik v. Youghiogheny & Ohio Coal Co.,* 119 Pa. Superior Ct. 263, 180 A. 731, and cases there cited; and *Calabria v. State Workmen's Insurance Fund,* 333 Pa. 40, 3 A. 2d 322.

Several unsuccessful attempts were subsequently made by claimant to escape the legal effect of the above quoted stipulation. On October 31, 1932, he filed a petition for "modification of the award," thereby conceding that the action of the referee in accordance with the stipulation constituted an award. The ground assigned was that he had been "since May 27, 1932, (one day prior to the expiration of the period) permanently and totally disabled."

By way of answer, the defendants pleaded the award and payment thereunder up to May 27, 1932. Thereupon claimant's counsel obtained permission from the referee to withdraw the petition, but filed, on May 27, 1933, a petition for a rehearing under section 426, supra, upon the ground that the full extent of claimant's injuries had not been known when the original agreement was executed nor when the award of 1929 was made. Defendants again pleaded the award and the failure of claimant to petition for a rehearing within one year after its date. The board, citing *Dolan v. Com.,* 106 Pa. Superior Ct. 74, 161 A. 763, properly dismissed the petition. In so doing it made some suggestions relative to a possible "reinstatement." These suggestions were based upon an erroneous construction of the character of the award and the function

of the limitation of one year in the second paragraph of section 413. This award had neither been suspended nor terminated during its potential life; it ran its full term and expired by virtue of the express provisions of the statute.

Claimant, however, did not adopt the suggestions of the board, but on October 7, 1933, filed another petition for modification, practically identical with his petition of October 31, 1932, except that the new petition asked for a modification of the "agreement" which had been superseded by the award of 1929. Although the board, for the reasons above stated, had no jurisdiction to entertain this petition it was assigned to the same referee who had conducted the previous hearings. That official, after taking the testimony of claimant and two of his physicians, made findings to the effect that the averments relative to the extent of claimant's disability were supported by the evidence, but dismissed the petition upon the ground that it was barred by the general limitations of the statute. Upon claimant's appeal to the board the action of the referee was affirmed.

While we do not agree with all the reasons stated by the court below in support of its conclusion that the appeal of claimant to it from the action of the board could not be sustained, we are satisfied the final judgment in favor of the employer and its insurance carrier was properly entered. Claimant's present counsel throughout his brief has confused the limitation of "one year after the date of the last payment of compensation," contained in the second paragraph of Section 413, with the limitation in Section 306(b), (partial disability, 77 PS §512), which provides that compensation shall be paid during the period of such partial disability, *"not, however, beyond three hundred weeks,"* after the tenth day after the accident. When claimant and his former counsel permitted this period to expire without having appealed from the award of

May 6, 1929, or having petitioned for a rehearing within one year after its date, claimant's right to any further compensation, regardless of the nature or extent of his disability, absolutely ceased to exist. We are obliged to call attention to a plain misstatement of fact in appellant's brief which should not have been made. After correctly stating that the period of 300 weeks under the award expired on May 28, 1932, counsel proceeds; "The petition on which the case now comes before the court was filed one day before the expiration of the 300 weeks' period." The fact, well known to counsel, is that it was not filed until *May 27, 1933*. Moreover, the petition upon which this case came before the compensation authorities and the courts was not filed until October 7, 1933.

We permitted this appeal to be argued upon the original record, and were entitled to an accurate statement by counsel for appellant of the pleadings and undisputed facts appearing upon that record. The argument based upon this misstatement merely confused an already sufficiently complicated case.

The facts of the case now at bar, particularly with respect to the form and effect of the original agreement and the unusual circumstances surrounding the entering of the award for partial disability, distinguish it from *Miraglia v. Publicker Commercial Alcohol Co. et al.*, 113 Pa. Superior Ct. 487, 174 A. 16, and the other cases cited in behalf of claimant.

Judgment affirmed.