## Swartz v. Mitchell et al.

*Firman & Knox*, for claimant.

KITTS, P. J., May 29, 1941.—This case comes before us on the appeal of claimant from the order of the Work-

men's Compensation Board granting defendant's petition for modification of an award. Although apparently no formal suggestion of record has been filed, we note from the appeal affidavit and the caption of the proceeding as it is docketed here that claimant evidently passed away since the hearing before the workmen's compensation referee and the appeal is prosecuted by his administratrix.

Claimant was in the employ of defendant Erie Malleable Iron Company, as a night watchman, on February 27, 1935. On that date, while walking through a cleaning room, in the performance of his duties, he caught his foot in some wire, causing him to fall. He sustained a transverse fracture of the left patella. An open compensation agreement was entered into, providing for payment of compensation for total disability beginning March 6, 1935, at the end of the one-week waiting period.

On August 9, 1935, defendant filed a petition for termination which was dismissed by the referee in an order affirmed by the Workmen's Compensation Board on June 17, 1936. The order of the referee dismissing the petition for termination likewise granted an award of compensation on the same basis of total disability as was previously payable under the agreement.

Compensation was paid under the award until March 6, 1939, when defendant filed the pending petition for modification, in which it averred that defendant's disability "has resolved itself into the permanent loss of use of the leg". Payment had been made for 215 weeks by the time of the hearing on December 1, 1939, that being the total period for which compensation would be payable for the loss of the use of a leg under section 306 (c) of The Workmen's Compensation Act of June 21, 1939, P. L. 520. After taking testimony, the referee granted the petition for modification "to provide for the loss of the use of the left leg". On appeal, the board concluded that the testimony required clarification and remanded the proceeding to the referee to take further testimony

and particularly to enlist the services of an impartial medical expert. Such a witness was appointed and, after hearing his testimony, the referee renewed his order of modification which, this time, was affirmed by the Workmen's Compensation Board. Claimant, by his administratrix, then filed this appeal.

It is apparently agreed by both sides that claimant today is totally disabled. However, it is the contention of defendant that most of the bodily disability is due to a progressive condition of syphilis and its accompanying ravages which, at the time of this proceeding, had so completely stricken claimant that he was unable to leave his bed to attend the hearing. It is the contention of defendant that the only disability caused by the accident is restricted to the left leg and is an end result of the unhealed fracture of the patella.

To this contention of defendant, claimant replies that anemia and other conditions from which claimant was suffering at the time of the hearing were in part due to his enforced confinement resulting from the leg injury, and hence a portion of the bodily injury, other than that to the leg, is traceable to the accident. But, more important than that argument, since on proper evidence the compensation authorities found against claimant on that point, is the contention of claimant that irrespective of the factual testimony as to claimant's condition the issue is res judicata by reason of defendant's failure to appeal from an award of compensation for total disability affirmed by the board on June 17, 1936. It is claimant's position that even on that date the disability resulting from the accident had resolved itself only into a disability of the left leg, and that hence it was defendant's duty to press its claim for modification or termination at that time to the ultimate appellate channels or to be estopped forevermore from filing further petitions to cover the same point.

In support of that argument, counsel for claimant testified that after the decision of the board on the earlier pe-

tition for termination the local representative of the compensation carrier called him several times to arrange or rather to attempt to arrange an agreement on the part of claimant, disregarding the board's opinion, to the effect that compensation should be paid for the loss of the use of the left leg, rather than for total disability as directed by the board. Counsel for claimant testified:

"I was inclined, at that time, somewhat to agree with Mr. Stewart and recommended that step to the claimant. However, they refused to follow my advice and no appeal was filed by the insurance company."

Counsel's statement that he was inclined "somewhat to agree" that disability was confined to the left leg certainly leaves considerable doubt as to whether that actually was the condition at that time. However, beyond this, we have the fact that the compensation authorities at that time found total disability due to the accident, whereas, in the present proceeding, the insurance carrier has attempted to show claimant's condition several years later. The second paragraph of section 413 of The Workmen's Compensation Act in the form in which it appeared at the time of the accident involved in this case (77 PS §772) provided in part as follows:

"The board, or referee designated by the board, may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased . . . ."

The contention of defendant is that the disability has decreased. It is, of course, res judicata that as of June 17, 1936, the date of the decision of the workmen's compensation authorities on the prior petition, claimant was totally disabled as a result of the accident. Hence, if defendant proves that in 1939 claimant's disability caused by the accident was no longer total, but was restricted to loss, total or partial, of the use of the left leg, this certainly

comes within the statutory provision for modification in that the disability has decreased. So long as defendant restricts itself to a claim that, subsequent to the former proceeding, the disability reduced, the principle of res judicata has no application: Kilgore v. State Workmen's Insurance Fund et al., 127 Pa. Superior Ct. 213; Carrara v. Hallston Coal Co. et al., 137 Pa. Superior Ct. 151; Evans v. The Philadelphia & Reading C. & I. Co., 116 Pa. Superior Ct. 284; Flood v. Logan Iron & Steel Co. et al., 136 Pa. Superior Ct. 101; Sharcheck v. Beaver Run Coal Co., 275 Pa. 225.

We have carefully considered the cases cited by claimant on this issue but are unable to agree with counsel for claimant that they rule the decision on this point. They either relate to the res judicata effect of a finding of jurisdiction, such as in Wooley v. Wichert Co. et al., 275 Pa. 167, or insofar as they deal with disability do not concern themselves with an attempt to show a change in disability subsequent to the former proceedings.

We must, therefore, conclude that defendant does have the right to show a change of condition in claimant, so far as the disability caused by the accident is concerned at the later date in 1939, when the present petition was filed, three years subsequent to the last prior adjudication. The compensation authorities did find that there actually was a change in claimant's condition and that disability resulting from the accident is now confined (speaking as of the time of the last hearing) to claimant's left leg. The referee, in his sixth and seventh findings of fact, both affirmed on appeal by the Workmen's Compensation Board, summarized first the testimony of the impartial medical expert and then made a fact finding based thereon, as follows:

"6. In the opinion of the impartial medical expert, the claimant's disability resulting from the accident is confined to his left leg. Although the claimant has other conditions which give him a total disability, these are unrelated to the accident and did not result from the same.

"7. Claimant's disability as a result of said accident is confined to loss of use of the left leg."

Without being captious, since the loss involved here is not by amputation, but a loss of use, it is obvious that the material element which was omitted in the form of the finding is the fact that there was the permanent loss of use of the left leg. However, if it was the intention of the compensation authorities to find that there was such permanent loss due to the accident and no other disability, and the evidence is found to sustain such a finding, a compensation proceeding should not be delayed in ultimate decision because of informality in the form of the underlying findings. As stated in Wilkinson v. Jones & Laughlin Steel Corp., 139 Pa. Superior Ct. 607, 608:

"While the form of the findings could have been improved, and they should have been segregated from the discussion, and separately and concisely stated, there can be no doubt that the referee found—and the board approved the finding . . ." facts which the Superior Court then proceeded to affirm because there was substantial evidence to support the finding of fact as the referee actually intended it.

However, in this case, is there evidence to sustain the finding of a permanent loss of use of the left leg? In considering this question, we recognize that it is not our duty to weigh the evidence and determine where the preponderance of the testimony lies. It is sufficient for our purposes if there is some competent evidence to support the findings made or reasonably intended by the wording of the findings to have been made by the compensation authorities: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Loeffler v. Western Electric Co., 107 Pa. Superior Ct. 326; Knisely v. Knisely et al., 120 Pa. Superior Ct. 140.

In considering the testimony, we must look for evidence that the disability due to the accident: (1) Is confined to the left leg; (2) completely deprived claimant of the use

of that leg, and (3) that that loss of use of the leg is permanent. Our examination of the testimony indicates that the first element is satisfied by the evidence but that the second and third are not. . . .

[After reviewing the testimony as to the extent and cause of the disability and citing Zellner v. Haddock Mining Co., 139 Pa. Superior Ct. 16; Kerfonte v. Carrolltown Coal Co. et al., 94 Pa. Superior Ct. 19; Berskis v. Lehigh Valley Coal Co., 273 Pa. 243; Reigle v. Sholly et al., 140 Pa. Superior Ct. 153; O'Donnell v. South Fayette Township School District et al., 105 Pa. Superior Ct. 488; and Conley v. Allegheny County, 131 Pa. Superior Ct. 236, the court continued:]

We have said enough to indicate the necessity of remanding this proceeding for the taking of additional testimony, to determine whether at the time of the pendency of the petition before the compensation authorities claimant's disability in the leg due to the accident and not to the tabes was (1) total and (2) permanent. If claimant's inability to use the leg was only partially due to the accident, or if that loss of use was not permanent, in that, as Doctor McCarthy testified, operative procedure would cure or improve it, the case is not one to be considered under section 306 (c) and hence the modification was improper. If there be not the permanent loss upon which the board's decision was predicated, then apparently from the testimony of all the physicians there is a partial disability still attributable to the accident. However difficult it may be to separate the disability due to claimant's luetic condition from the partial disability in the left leg, and allocate a proper loss of earning power for the latter, that is the duty of the compensation authorities and should be promptly and fairly attempted. It may be, as suggested in several of the cases we have cited, that the anomalous result will follow that claimant, for a partial disability of the leg, will obtain more compensation—and inevitably he must since a longer period is involved—than he would were the loss of the use of the leg due to the ac-

cident both complete and permanent. This, however, does not justify our evading the plain mandate of the legislature.

<em>Order</em>

And now, May 29, 1941, the first, second, fourth, fifth, and sixth exceptions filed by claimant are sustained, the decision of the Workmen's Compensation Board is reversed and the record is remanded to the board for further hearing and determination, in accordance with this opinion.