Gleyze, Appellant, *v.* Hale Coal Company et al.

Argued March 11, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*William W. Litke,* of *Fleming & Litke,* for appellant.

*Robert V. Maine,* with him *J. Paul Frantz, Jr.,* and *Frank G. Smith,* for appellees.

OPINION BY KENWORTHEY, J., April 29, 1942:

The appeal in this Workmen's Compensation case involves the question whether claimant's "petition for rehearing" was filed in time.

Payment of compensation started under an open agreement for total disability and continued for nearly two years and until the employer filed a petition to modify.[1] After hearing, the referee on February 3, 1933 found that disability had changed to partial and made an award for $6.53 per week. Compensation was paid under the award for the full period of three hundred weeks, the limit provided by Section 306 (b).[2] The last payment was made September 24, 1934.

On July 15, 1935, claimant filed what he called a petition for rehearing. It is important to note: (1) This was more than a year after the award; (2) it was after the period provided in the award had run; but (3) it was within a year after the last payment of compensation.

---

[1] The accident happened December 17, 1928; the petition to modify was filed November 16, 1932.

[2] Act of June 2, 1915, P. L. 736, Sec. 306 (b), as amended by the Act of June 26, 1919, P. L. 642, Sec. 1, and April 13, 1927, P. L. 186, Sec. 1.

Clearly if the petition was for a rehearing under Section 426, it was filed too late.[3] If it was a petition for reinstatement under the second paragraph of Section 413[4], it was filed in time, because filed within a year after the last payment of compensation. *Miraglia v. Publicker Commercial Alcohol Company*, 113 Pa. Superior Ct. 487, 174 A. 16; *Hill v. Booth & Flinn Co., et al.*, 146 Pa. Superior Ct. 575, 23 A. (2d) 85.[5]

Claimant contends the petition was filed under the second paragraph of Section 413. We, of course, pay no attention to the name given to it.[6] But, the trouble is, he failed to make out a case which would support a remedy under that section. Relief under that section must be based upon a showing that subsequent to an award or agreement a *change* in disability or dependency occurred. The petition alleged no change. What is more important, there was no evidence of any change;[7] all the evidence claimant offered was to the effect that disability had been total from the beginning and the evidence offered by the employer was to the effect that

---

[3] "The board, upon petition ...... may grant a rehearing ...... but such rehearing shall not be granted more than one year after the board has made such award ......" Act of June 2, 1915, P. L. 736, Sec. 426, as amended by the Act of June 26, 1919, P. L. 642, Sec. 6, and April 13, 1927, P. L. 186, Sec. 8.

[4] Act of June 2, 1915, P. L. 736, Sec. 413, as amended by the Acts of June 26, 1919, P. L. 642, Sec. 6, and April 13, 1927, P. L. 186, Sec. 6.

[5] The lower court erroneously took the opposite view. It was perhaps misled by some of the language in *Carrara v. Hallston Coal Co.*, 137 Pa. Superior Ct. 151, 8 A. (2d) 484. But the petition in that case was filed *neither* within the period the award had to run *nor* within a year after the last payment of compensation.

[6] *Hill v. Booth & Flinn Co. et al.*, 146 Pa. Superior Ct. 575, 580, 23 A. (2d) 85.

[7] See *Koreen v. Union Collieries Company*, 141 Pa. Superior Ct. 70, 72, 14 A. (2d) 845; *Petrovan v. Rockhill Coal and Iron Co.*, 130 Pa. Superior Ct. 58, 64, 196 A. 516.

disability had been partial from the beginning, or, more specifically, it had remained partial after payments for total were stopped. And the board, although it let claimant in under the second paragraph of Section 413, did not find that a change in disability had occurred subsequent to the 1933 award. It found claimant had been totally disabled from the beginning and awarded compensation for total disability for the period commencing eight days after the accident with an allowance of credit to the employer for compensation paid. It, in effect, set aside the former award on the ground that, in making it, the referee had erroneously concluded that the disability had changed to partial. Since the time for appeal had long since passed, the only way this could be done was upon petition for rehearing under Section 426.[8] The board had no power to let claimant in under Section 413 and then give him a remedy under Section 426, after the time had passed for relief under the latter section. Remedies under the two sections are, by their very nature, mutually exclusive *(Leeper v. Logan Iron & Steel Co. et al.,* 131 Pa. Superior Ct. 172, 182, 198 A. 489; *Petrovan v. Rockhill Coal & Iron Co.,* 130 Pa. Superior Ct. 58, 61, 196 A. 516) ; the time limit under each is different; and what the board did was to ignore the one year limit in Section 426. The Act will bear no such construction.

The lower court reached the same conclusion by a somewhat different but, perhaps equally valid, approach. It applied to the petition a functional test, and concluded that, since there was no evidence of a change in disability it was, *in fact,* a petition for rehearing

---

[8] It is not contended the petition can be treated as having been filed under the first paragraph of Section 413. It could not because: (1) That paragraph applies only to agreements; (2) a petition under it must be filed within the period an agreement under Sec. 306 (b) has to run or 300 weeks; and (3) there was no allegation or proof of mistake of fact, etc.

under Section 426 and not under Section 413. Regardless of the theory, claimant, according to his own testimony, knew (assuming it to have been a fact) almost immediately after the 1933 award that it incorrectly defined the extent of his disability.[9] However wrong it may have been and regardless of the basis or cause of the error, we cannot, as claimant suggests, treat it as a nullity. He had almost a year within which to petition for a rehearing. And having slept on his rights, it is beyond our power to help him. If we were to return this case to the board with instructions to give claimant an opportunity to offer evidence on the question whether there was a change in his disability and if so when it occurred and thus to bring the case under the second paragraph of Section 413, in view of the conclusiveness of his evidence that there was no change, we would invite him to offer false testimony. This, we will not do.

The judgment is affirmed.

---

[9] Claimant testified that at the hearing prior to the 1933 award the employer offered him light work; that it was on the basis of this offer that the referee reduced the compensation; and that immediately upon attempting to perform the proffered work he discovered he could not do it. The dates do not specifically appear but it is clear, from the evidence, the attempts to work were made very soon after the award.