Kerfonte, Appellant, *v.* Carrolltown Coal Company et al.

Argued April 17, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Peter P. Jurchak,* for appellant.

*Francis A. Dunn,* for appellee.

OPINION BY KELLER, J., July 12, 1928:

This appeal grows out of a petition filed by defendant coal company to terminate claimant's compensation at the end of 150 weeks.

The Workmen's Compensation Board and the court below were of opinion that an employe who had received an injury to his foot, by an accident in the course of his employment, could not receive compensation for a greater number of weeks than is allowed in section 306 (c) of the Workmen's Compensation Act for the *loss* of a foot (150 weeks), irrespective of whether his injury be permanent or temporary and whether it amount to the actual loss of the foot or not. This is not the law as respects injuries which are not permanent in character and equivalent to the loss of the member.

If the injury is permanent, resulting in the actual loss of a foot or the permanent loss of its use equivalent to the loss of the foot, the schedule fixed in section 306 (c) applies, irrespective of the actual loss of wages. But if the injury is of a character that the employe may recover the use of his foot, the compensation is measured by the loss of wages and is governed by section 306 (a) and 306 (b); and 306 (c) has no application. And this is so irrespective of whether the compensation thus payable is greater or less than the arbitrary number of weeks fixed in schedule 306 (c). This was decided in Berskis v. Lehigh Valley Coal Co., 273 Pa. 243.

If the permanent character of the injury, and whether it is equivalent to the actual loss of the member, is in real dispute, the board may order the compensation to cease at the end of 150 weeks total disability until this question of fact be settled; subject to the award being opened in proper cases and additional compensation allowed for the actual period of disa-

bility pursuant to section 306 (a) and (b), if it be shown that the claimant has regained the use of his foot, thus proving that the disability was not permanent nor equivalent to the loss of the foot and hence not covered by section 306 (c).

The judgment is reversed and the record is directed to be remitted to the Workmen's Compensation Board for further hearing and determination.