Putt *v.* Laher Ice Cream Co. et al., Appellants.

Argued April 22, 1932.

Before Trexler, P. J., Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Francis A. Wolf,* and with him *Meyer and Nunnink,* for appellants.

*Robert L. Wallace,* for appellee.

Opinion by Baldrige, J., July 14, 1932:

Harry Putt, the claimant, is a stone mason. He was injured on October 19, 1928, while engaged in the construction of a pump house connected with the defendant's ice cream and manufacturing plant. On November 8, 1928, a compensation agreement was entered into between the defendant and its insurance carrier, whereby the claimant received compensation for total disability. Under this agreement, compensation was paid at the rate of $15 per week until January 10, 1930, when the defendant, by its insurance carrier, filed a petition to modify. The referee, after a hearing, found that the status of the claimant had changed from that of total disability to partial disability, set aside the agreement, and ordered the payment of

$12.48 per week for partial disability, to begin January 16, 1930, for an indefinite term. No appeal was taken from this award, and compensation was paid in accordance therewith until October 3, 1930. On November 25, 1930, defendant filed a petition for review, alleging, for the first time, that the compensation agreement had been entered into by mistake, in that the employment was casual and not in the regular course of the business of the employer. This proceeding was before another referee, who, after hearing, terminated the agreement as of October 3, 1930, on the ground that the employment was casual. The board held that as no appeal had been taken by the employer from the award of partial disability within the statutory period of ten days, the action of the referee was void. The learned court below dismissed the exceptions and sustained the decision of the board.

Section 413 of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, 661 (77 PS sec. 771, etc.), provides in the first paragraph that the board or referee may, at any time, review, modify, or set aside an original or supplemental agreement, upon petition filed, "if it be proved that such agreement was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact;" and in the second paragraph: "The board, or referee ...... may, at any time, modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party ...... upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed."

When the appellants exercised their right, and petitioned for a modification of the agreement under the second paragraph of section 413, the order entered upon such application was an award. It was the re-

sult, not of an agreement between the parties, but was the official act of the referee; an agreement was then no longer in existence. The amount payable, therefore, was under the award. The first paragraph quoted applies only to the reviewing, etc., of an original or supplemental agreement, and does not relate to an award. If there was a dissatisfaction with the award, the appropriate remedy was by an appeal. This view is strengthened by paragraph 4 of section 413, which provides: "The filing of a petition to terminate or modify a compensation agreement or award as provided in this section shall operate as a supersedeas, and shall suspend the payment of compensation fixed in the agreement or by the award, in whole or to such extent as the facts alleged in the petition would, if proved, require."

It is unnecessary to discuss the other features of the case as the views we have heretofore expressed are controlling.

Judgment is affirmed.