Roeschen, Appellant, *v.* Dietrich et al.

Argued October 7, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Todd Daniel*, for appellant.

*Felice E. Darkow* of *Herman and Harris*, for appellee.

OPINION BY CUNNINGHAM, J., November 21, 1932:

Albert Roeschen, the claimant in this compensation case, has appealed from the judgment of the court below entered in favor of his employer, George C. Dietrich, and Commercial Casualty Insurance Company, the insurance carrier.

Claimant's back was injured by an accident, in the course of his employment as a carpenter, on November 1, 1927. An open agreement for compensation, for total disability, beginning November 11, 1927, was executed. Appropriate proceedings were instituted, from time to time, before the compensation authorities both by the employer and claimant—the employer seeking the termination of the agreement and the claimant its continuance, at least for partial disability. The result of these proceedings was that on March 25, 1929, Referee Keller, before whom the testimony of medical and lay witnesses (covering more than one hundred pages) was taken, made findings of fact substantially to the effect that claimant's disability became partial on April 25, 1928, and finally ceased on October 1, 1928. An order was accordingly entered by the referee that claimant was "entitled to compensation, based on loss of earning power," from April 25 to October 1, 1928, at which time compensation was "terminated." Claimant appealed to the board and on June 26, 1929, the referee's findings of fact, conclusions of law and award, were affirmed and claimant's appeal dismissed. Notice of this action of the board was duly served upon claimant, but no appeal was taken by him to the common pleas.

It therefore appears from the record that claimant has received compensation for total disability from November 11, 1927, to April 25, 1928, under the agreement, and, under the award, $272 as compensation for partial disability from April 25 to October 1, 1928.

The next action taken by claimant was the presentation to the board on August 6, 1929, of a petition "to reinstate the said award which ceased on October 1, 1928." The ground for the petition was thus stated therein: "Subsequent to October 1, 1928, my disability recurred in the following manner and to the following extent: I have been unable to follow my regular

work on account of my condition. I have been working at light work at a lower wage and desire to have the compensation agreement reinstated on a partial disability basis. According to the report of medical examination, I am still partially disabled."

The employer answered that there had been no change in claimant's physical condition since October 1, 1928. After hearings before Referees Ditter and Just, the latter, under date of June 26, 1931, made findings of fact to the effect that from October 1, 1928, claimant had continuously been able to resume his former occupation if "he really wanted to do so," and accordingly dismissed the petition for reinstatement.

Claimant promptly appealed to the board. By that time its personnel had changed, and in an opinion, dated December 10, 1931, written by the chairman and concurred in by the other members, not only the findings of Referee Just were reversed and compensation for partial disability awarded from October 1, 1928, "until such time as the disability of the claimant shall change in effect," but the findings of Referee Keller and the affirmance thereof on June 26, 1929, by the board, as then constituted, were "also set aside as being based on a mistake of fact."

The employer and insurance carrier then appealed to the court below, contending, inter alia, that the action of the board, affirming the termination of compensation by Referee Keller, was conclusive because no appeal had been taken therefrom, and that the new members were without power to disturb the unappealed order of their predecessors. The court sustained these contentions and entered judgment in favor of the defendants, apparently without considering the legal effect of claimant's petition for reinstatement of the award in the light of the provisions of the second paragraph of section 413, as amended by the Act of April 13, 1927, P. L. 186, 194, providing among

other things, for reinstatement of an award upon proof of the recurrence of an injured employe's disability.

The present appeal by claimant is from that judgment and its disposition is controlled by the principles stated in the recent case of Higgins v. Com. Coal and Coke Co. et al., 106 Pa. Superior Ct. 1.

We are in full accord with the reasoning of the court below as far as it goes, but in our opinion it does not follow that the defendants are, under this record, now entitled to judgment in their favor. After referring to Referee Keller's termination of compensation as of October 1, 1928, and the affirmance thereof by the board, that court correctly said: "In the instant case claimant's remedy was an appeal from the decision of Referee Keller as affirmed by the Workmen's Compensation Board. We are of opinion that the failure of the claimant to file such appeal to the court of common pleas terminates his right or the authority of the board to review the proceedings. Indeed, if this were not true any subsequent board would have the right to review and perhaps reverse the finding of a former board which is the case before us."

The fundamental error of the board here, as in the Higgin's case, consisted in its failure to recognize and treat the order of their predecessors as a definitive, appealable, award of compensation for partial disability up to October 1, 1928, and no longer. For the reasons fully stated in the case cited, the present members of the board acted in excess of their powers in attempting to substitute their findings of fact and conclusions of law for those of their predecessors.

Claimant, by failing to appeal to the common pleas, the appropriate remedy furnished by the act, permitted the order of June 26, 1929, to become a conclusive determination that his disability, and his resulting right to compensation, ceased on October 1, 1928. (See also Putt v. Laher Ice Cream Co. et al.,

105 Pa. Superior Ct. 536). In other words, he permitted the machinery of the compensation law to stop, so far as he was concerned, upon the date of the order and effectually barred himself from ever claiming compensation in any amount for the period between October 1, 1928, and June 26, 1929. If that were the whole case we would unhesitatingly affirm the judgment entered below. But the legislature, evidently realizing that compensable disability may recur within the maximum periods specified in the act, provided in Sec. 413, supra, a method by which an injured employe may, under prescribed circumstances, put the machinery in motion again.

The second paragraph of that section contemplates, inter alia, the reinstatement, within certain limitations, of an award, upon proof that the disability of an injured employe has recurred. Such reinstatement is to be made as of the date upon which it is shown the disability recurred, but, under the circumstances here present, that date could not be earlier than June 26, 1929. In disposing of this case, claimant's petition of August 6, 1929, for reinstatement of the award cannot be ignored; and the second branch of the inquiry, arising upon the face of this record, is whether claimant, although he failed to appeal from the award, is entitled to a hearing before the compensation authorities upon the question whether his disability recurred subsequent to June 1929.

As intimated, the effect of this petition does not seem to have been considered by the court below and the scope of the inquiry by the present board was entirely too broad. The question considered by the board was not whether claimant's partial disability had recurred after June 1929, but whether it had been continuous since October 1, 1928. There is foundation for the suggestion made in the able brief of counsel for defendants that claimant and his counsel con-

tended before the compensation authorities, and in the court below, that the disability from which he claims to be suffering had been continuous since October 1928, and that, in now asserting a recurrence, he is shifting his ground. This may be quite true, but these proceedings are not ordinary litigation and we must take his petition at its face value.

Its ground (above quoted) is not aptly expressed; although stated to be a petition "to reinstate the award," the claimant says therein that his "desire" is "to have the compensation agreement reinstated on a partial disability basis." As we have seen, the agreement had long since been superseded by the award. The legislature, however, has authorized us to construe such petitions liberally, and we think this one may properly be considered a petition to reinstate the award upon the ground of a recurrence of disability.

Counsel for defendants, however, object that the limitations attached to the second paragraph of §413 prevent its consideration. These limitations are that (except in eye injuries) "an agreement or an award can only be reviewed, modified, or reinstated during the time such agreenent or award has to run, if for a definite period; and......no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement."

This language is not clear when we attempt to apply it to the "reinstatement" of an agreement or an award; "reinstatement" presupposes a termination, or at least a suspension. Here, however, the award was not for a definite future period, but one terminating all compensation as of a prior date. The date of the last payment of compensation under it was October 1, 1928, and the petition was filed within one year thereafter. We conclude, therefore, that claimant is entitled to a

hearing on the merits of his petition. The petition and answer raise a sharp issue of fact; claimant says his disability has recurred to such an extent that his earning power is diminished, and defendants reply that he is a malingerer and that there has been no change in his physical condition since June 26, 1929, the date upon which he permitted the operation of the act to cease. This issue must be determined in the first instance by the compensation authorities, and claimant has the burden of proving the alleged recurrence of his partial disability and its extent by sufficient, legally competent, evidence.

The judgment in favor of defendants is reversed and the record remitted to the court below to the end that it may be by that court remitted to the board for the sole purpose of hearing and determining the issues raised by claimant's petition of August 6, 1929, and defendant's answer thereto.