Wilson v. Susquehanna Collieries Co., Appellant.

Argued October 26, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Henry A. Gordon,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY CUNNINGHAM, J., November 21, 1932:

Susquehanna Collieries Company has appealed from a judgment entered in the court below awarding compensation to Samuel B. Wilson, one of its employes, for the permanent loss of the use of his right hand; the award was made under Sec. 306 (c), of our Workmen's Compensation Law at the rate of $15 per week for a period of one hundred and seventy-five weeks, less the amount theretofore paid for the loss of the fourth finger.

On October 23, 1928, claimant's right hand was accidentally injured and the fourth finger amputated. The compensation provided by Section 306 (c), as amended, "for all disability resulting from [this] permanent injury" is "sixty-five per centum of wages during fifteen weeks." An agreement was accordingly executed providing for such payments.

A secondary operation, incident to the amputation of the finger, became necessary and the agreement was extended for approximately two weeks; the compensation paid aggregated $252.86 and the date of the last payment was May 20, 1929.

Claimant petitioned the board, November 27, 1929, to reinstate and modify the agreement so as to "provide for compensation for the industrial loss of the use of [his] right hand." This petition was referred to a referee who, after a hearing followed by an appeal to the board resulting in a rehearing, found, from all the evidence at both hearings, that claimant had "failed to establish the allegations of his petition, that he has suffered the loss of the use of his right hand for industrial purposes;" the petition was accordingly dismissed on August 9, 1930.

If dissatisfied with the conclusion of the referee, claimant's appropriate remedy was an appeal to the board, followed, if necessary, by an appeal to the common pleas. He did not avail himself of this remedy; the effect was that he voluntarily permitted the com-

pensation machinery to stop at this point: Higgins v. Com. Coal and Coke Co. et al., 106 Pa. Superior Ct. 1; Roeschen v. Dietrich et al., 107 Pa. Superior Ct. 298.

Claimant's next effort was the filing with the board, on August 14, 1930, of a petition "to review the said agreement," upon the ground, as stated therein, that he "had not fully recovered from the injury" and therefore asked that the agreement "be modified to provide for partial disability." By this petition he sought to invoke the provisions of the second paragraph of Sec. 413, as amended by the Act of April 13, 1927, P. L. 186, 194. It provides, inter alia, for the reinstatement or modification of an agreement "upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased: ...... Provided, that, ...... except in the case of eye injuries, no agreement ...... shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation, with or without an agreement."

As stated in the Higgins and Roeschen cases, supra, failure to appeal from an adverse finding of a referee, or the board, does not preclude a party from petitioning the board for appropriate action by it under Sec. 413, provided the petitioner can bring himself within its scope and limitations. The petition was clearly one for relief under the second paragraph of the section, but it may well be doubted whether it was within the scope of that paragraph. Primarily at least, it relates to agreements or awards for compensation for total disability under Sec. 306 (a) or for partial disability under Sec. 306 (b), i. e., such disability as may decrease, increase, recur, or temporarily or finally cease. Here, claimant's agreement was for "all disability resulting from [a] permanent" injury—the loss of a finger; it was executed under Sec. 306 (c), which provides for the payment of compensation for fixed

periods regardless of the presence, extent, or even absence, of resulting disability.

We are not called upon to consider in this case whether a claimant who has been compensated for the loss of a member may, within the time limit, invoke the provisions of the paragraph upon the allegation that the physical structure of his body, distinct from the member, (Lente v. Luci, 275 Pa. 217) has been affected by the permanent injury. That is not the contention here; the entire dispute is whether this claimant is entitled to compensation during the period of fifteen weeks for the loss of a fourth finger, or for a period of one hundred and seventy-five weeks for the loss of the use of a hand. The unappealed from finding of the referee on August 9, 1930, was that he had failed in his effort to show that he had lost the use of his hand for industrial purposes.

Even if we were to give this claimant the benefit of every possible doubt relative to the scope of the second paragraph of Sec. 413, his petition for relief under it was too late; the date of the last payment of compensation under the agreement was May 20, 1929, and the petition was not filed until August 14, 1930.

The answer of defendant was (a) that there had been no change in the disability of claimant and (b) that the petition was barred by lapse of time. Notwithstanding the plain provision of the statute and the objections of counsel for the defendant, hearings were had before a referee in December, 1930, and June and July, 1931. The referee made no findings with respect to the ground for review and modification upon which the petition was based—partial disability—but on July 21, 1931, found as a fact "that by reason of the injury sustained by claimant on October 23, 1928, ...... he has suffered the loss of the use of his injured right hand for industrial purposes," and ordered the reinstatement and modification of the agreement to provide for payment of compensation for a period

of one hundred and seventy-five weeks. Upon defendant's. appeal to it, the board correctly held, inter alia, that the petition had been filed too late; the referee's findings of fact and conclusions of law were reversed and the petition dismissed.

Claimant then appealed to the court below. That tribunal, apparently overlooking the effect of claimant's failure to appeal from the finding of the referee of August 9, 1930, and the fact that the ground of the petition before it was alleged partial disability and not loss of the use of the hand, proceeded to review the medical testimony and reached the conclusion therefrom that claimant had lost the use of his hand. The action of the board was reversed and judgment entered against the defendant on the award of the referee of July 21, 1931, for compensation for the loss of the use of a hand. The objection that the petition had not been filed within the time prescribed by the statute was thus disposed of: "Aside from argumentative niceties over what constitutes a mistake of fact in the execution of a final receipt, and over statutory limitations of actions, claimant has suffered loss of industrial use of his hand." The pleading by defendant of the limitations of the statute was more than an "argumentative nicety;" it was a complete bar to any affirmative action on the petition and required its dismissal.

Moreover, the finding of the referee on August 9, 1930, was that the use of the hand had not been lost; claimant did not contest this finding by an appeal, but sought by a petition, filed too late, to secure compensation for partial disability, and the court below, disregarding the prayer of the petition, substituted its finding of fact for the above mentioned finding of the referee. In so doing it exceeded its powers.

.There was nothing in this case to which any provision of the first paragraph of Sec. 413' would be applicable; the, action of the board was in accordance with

the statute and claimant's appeal therefrom should have been dismissed.

The judgment is reversed and the record remitted to the end that claimant's appeal to the court below may be dismissed by that court.