Walsh, Appellant, *v.* Keystone State Construction Company et al.

Argued October 3, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Frank J. Eustace, Jr.,* for appellant.

*Frank R. Ambler,* for appellee.

438

PER CURIAM, December 18, 1934:

On July 23, 1931, the appellant by reason of a fall due to the collapse of a scaffold sustained an injury to his lower left leg which caused the blood to collect beneath the skin and required incision and drainage. A compensation agreement was executed between him and his employer and its insurance carrier. On March 8, 1932, the defendant filed a petition to terminate upon the ground of recovery claiming that although some disability of the injured leg persisted, it was entirely due to varicose veins which had existed prior to the accident. This petition was dismissed and the board on appeal sustained the referee. From the board's decision no appeal was taken. On December 21, 1932, defendant filed a second petition to terminate. There was medical testimony showing that whatever disability persisted at the time of this hearing was wholly due to varicose veins. The board and the lower court joined in the action of the referee in terminating the compensation. Claimant has appealed. The argument of the appellant is that since the disability on March 8, 1932, was found to be due to the accident and not to varicose veins and there being no appeal from that decision that the matter in controversy was then decided and could not be reopened by the employer unless there is shown a change in claimant's condition. It is true that the defendants could not open the case so as to show that at the time of the former hearing the injury did not cause the disability. The board could not reverse the finding. The right to compensation on that date was settled. See Roeschen v. Dietrich et al., 107 Pa. Superior Ct. 298, 163 A. 63. That, however, did not close the door to subsequent inquiry. What was his condition December 21, 1932? Physicians were called and examined and testified. Eight (8) months had elapsed since the former examination. Section 413 of the Workmen's Compensation Act of

April 13, 1927, P. L. 186, 77 PS Sec. 772 provides, inter alia, that a petition to terminate may be presented at any time. Several of the doctors testified at the last hearing that the disability consequent to the accident had ceased. This of necessity implied that there had been a change in claimant's condition. The referee adopted their conclusion. The board and the court below sustained it, and compensation was terminated. It is no answer to their last finding to say that some time before the disability due to the accident had existed. As stated, the inquiry was whether it still existed. The referee and the board are designated by law as those to whom the finding of facts is delegated, and we may not disturb such findings if they are supported by competent testimony.

There was sufficient evidence to support the conclusion reached by them.

The order of the court below dismissing claimant's appeal and entering judgment for the defendant is affirmed.