Evans, Appellant, *v.* The Philadelphia & Reading
C. & I. Company.

Argued December 12, 1934.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Roger J. Dever,* for appellant.

*Penrose Hertzler,* and with him *M. M. Burke,* for
appellee.

Opinion by Parker, J., February 1, 1935:

The claimant in this workmen's compensation case was injured on February 2, 1929, and compensation was paid for total disability under an open agreement until May 26, 1930, when a final receipt was given and claimant returned to work. On petition, the final receipt was set aside on July 13, 1931, an award was made for total disability, and payments were directed to be made beginning as of November 29, 1930. Payments made thereunder were by virtue of the award and not under the agreement: Putt v. Laher Ice Cream Co., 105 Pa. Superior Ct. 536, 539, 161 A. 622. No appeal was taken and compensation was paid to April 15, 1932.

The defendant, on April 15, 1932, presented to the board a petition to modify the original agreement on the ground that the claimant was not then totally disabled and was entitled only to compensation for partial disability under Section 306b of the Workmen's Compensation Act (77 PS 512), or to compensation under Section 306c (77 PS 513) for loss of the industrial use of a foot. The referee and board, after hearing, awarded compensation for loss of the industrial use of the left foot. On appeal to the court of common pleas, the record was remitted to the board for more specific findings and for the purpose of modifying the award rather than the agreement. The referee and board again found that claimant had suffered the loss of the industrial use of his left foot and that the injury was confined to that portion of the leg below the knee. On appeal to the court of common pleas, the award was approved and judgment was entered on the basis allowed by the board.

The claimant then appealed to this court contending that the award of total disability made on July 13, 1931, not having been appealed from was conclusive and that that award cannot now be changed without

showing a changed condition. We have in several cases disposed of a similar contention. The fallacy of the argument of the appellant lies in the assumption that there was not a change in the condition of the claimant. The award of 1931, unless there was a mistake of law or fact, was conclusive as to the condition of the claimant at the time of the former award but was not conclusive as to what his condition might be at a future date. For a changed condition both parties have a remedy by Section 413 (77 PS 772) if application is made within the limits provided for in that section. In 1931, it was conclusively established that the claimant was then totally disabled, but it could not at that time be known when such disability would cease. Time demonstrated that in 1933 the injury was confined to the loss of the industrial use of a foot. There was ample evidence to support the finding made by the board. The precise question raised on this appeal was decided by this court in Roeschen v. Dietrich, 107 Pa. Superior Ct. 298, 163 A. 63, and Foster v. Mellon Stuart Co., 114 Pa. Superior Ct. 311, 173 A. 773.

Judgment of the lower court is affirmed.