## Sneed, Appellant, v. State Workmen's Insurance Fund et al.

Argued April 15, 1935.

Before Keller,

P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

M. J. Kraus, for appellant, filed no brief.

Ralph H. Behney, with him Charles J. Margiotti, Attorney General, and A. L. Edwards, Deputy Attorney General, for appellees.

OPINION BY BALDRIGE, J., July 18, 1935:

The claimant in this compensation case was injured on June 29, 1926, while employed as a coal cutter by the Marwood Coal Company. His average weekly wages were $50. A compensation agreement, dated August 19, 1926, was entered into, providing for the payment of total disability at the rate of $12 per week. The claimant's physical condition having improved sufficiently for him to do light work, a supplemental agreement was entered into for partial disability at the rate of $12 per week, which was approved by the board on February 24, 1927. On February 2, 1928, defendant filed a petition to modify the agreement, averring claimant's disability had resulted in the loss of the use of his leg and asking that payments be authorized under section 306 (c) of the Workmen's Compensation Act. On March 20, 1928, the referee dismissed the petition to thus modify, holding that the claimant had not lost

the industrial use of his right foot or leg; but he made an award granting the claimant compensation for partial disability at the rate of $5.70 weekly from December 18, 1927. Upon appeal, this award was affirmed by the compensation board and no further action was taken by claimant. Payments were made to the end of the 300-week period, which expired April 9, 1932.

On July 16, 1932, claimant filed a petition to modify the award, averring that subsequent to the award by the referee for partial disability his earnings had decreased, so that the difference between the average weekly wages before the accident and after the award was greater than was shown before the referee, and justified an increase in the amount of compensation awarded him. The referee and the board dismissed the petition for the reason that the claimant, with a partial disability, is not entitled to compensation beyond the 300-week period. On appeal, the order of the compensation authorities was sustained by the common pleas court. From that decree this appeal was taken.

Under section 306 (b) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, finally amended by the Act of April 13, 1927, P. L. 186 (77 PS §512), compensation for partial disability shall not be paid beyond 300 weeks. The claimant attempts to bring himself within the second paragraph of Section 413 (77 PS §772), which provides, in substance, that any original or supplemental agreement or an award, upon petition filed by either party, may be modified, upon proof that the disability of an injured employee has increased, decreased or recurred, if application is made within one year after date of the last payment. The claimant moved within one year but he failed to prove an increase in disability, and his motion was too late because the 300-week period for partial disability had expired.

The claimant and his physician testified that claimant's condition has improved somewhat since March,

1928, and the referee therefore properly found that the claimant had failed to establish that his disability had increased, or that his earning capacity was less as a result of his physical condition. Those questions of fact were for the consideration and determination of the compensation authorities: Byerly v. Pawnee C. Co. et al., 105 Pa. Superior Ct. 506, 161 A. 460. The mere proof of a difference in wages received by the claimant after the award is not conclusive on the question of loss of earning power. The true test of the extent of partial disability is earning power rather than earnings or wages: Bonomo v. State Workmen's Ins. Fund, 111 Pa. Superior Ct. 402, 170 A. 428. The claimant's remedy, if dissatisfied with the award, was to appeal therefrom to the court of common pleas within the statutory period: Roeschen v. Dietrich et al., 107 Pa. Superior Ct. 298, 163 A. 63. This he failed to do, although he knew, according to his own testimony at the hearing before the referee, that his earnings in the ordinary course of events would decline.

The compensation authorities having found upon sufficient evidence that there was no mistake either of fact or of law that would justify further compensation, and that the claimant's disability had not increased, and that he had been paid for the full period of 300 weeks in accordance with the award, we find no reason for disturbing the conclusion reached by the learned court below.

Decree is affirmed at appellant's costs.