## Moule *v.* Barrymore Seamless Wilton Corporation, Inc. et al., Appellants.

Argued December 11, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Wayland H. Elsbree*, with him *White & Clapp*, for appellants.

*Maurice S. Levy*, for appellee.

OPINION BY BALDRIGE, J., January 29, 1937:

In this workmen's compensation case the claimant was employed by the defendant as a weaver. On August 9, 1932, he sustained what seemed originally to be a slight injury to his hand, causing a blister on the middle finger, which subsequently became infected. The claimant entered into an agreement with the defendant on September 2, 1932, for the payment of compensation. On April 26, 1933, the parties executed a supplemental agreement, reciting therein that the claimant's injury had finally resulted in the loss of the use of the right hand. He was entitled therefore, to 175 weeks' compensation, less the period for which he had already been paid, under section 306 (c) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended (77 PS §513).

Subsequently, on April 27, 1934, claimant petitioned the board to review the agreement, for the sole purpose of correcting an alleged error in wage calculations. A hearing was had and the referee, under an order, dated July 10, 1934 directed compensation to be paid according to the proper calculations of claimant's wages. On November 7, 1935, which was two months prior to the expiration of the 175-week period, claimant filed a petition for modification of the agreement, alleging a total disability and seeking compensation under section 306(a). The claimant produced medical testimony at the hearing that the use of his hand was not totally lost for industrial purposes and by further operative treatment he would have a functional hand. The referee found that the "claimant's hand is not totally disabled, that he doesn't have the loss of the industrial use thereof, but that due to said operations and his constant pain he has been totally disabled," and ordered compensation to be paid under section 306(a) until the disability ceased or changed. Upon appeal, the board affirmed the referee. The court of common pleas affirmed the board, and judgment was entered for the claimant.

The insurance carrier, appellant herein, argues that as claimant was paid compensation for disability under an award entered on July 10, 1934, unappealed from, that is conclusive (*Putt v. Laher Ice Cream Co., et al.,* 105 Pa. Superior Ct. 536, 161 A. 622; *Tinsman v. Jones & Laughlin S. Corp.,* 118 Pa. Superior Ct. 516, 180 A. 175), unless proof is presented of a change in the disability (*Evans v. P. & R. C. & I. Co.,* 116 Pa. Superior Ct. 284, 176 A. 791). Under the second paragraph of section 413 of the Act of 1927, April 13, P. L. 186, (77 PS sec. 772) an agreement or award under section 306(c) may be reviewed, modified, or reinstated during the period such agreement or award has to run. True, the referee found, as appellant states, that the claimant "has been totally disabled from the 19th of August,

1932, up to and including the present time:'" but there was evidence of a change in his disability.

The board, in its opinion, quoted the testimony of Dr. Moore, who said that, in his opinion, the claimant would regain the use of his hand, although at that time he could not work his fingers on account of the painful scar; that "we were greatly encouraged by the amount of finger flexion we got just in six weeks by keeping the hand in a banjo splint with the fingers extended, in just six week's time, so I feel quite sure that if we can eliminate the pain element, with ordinary exercise, and stretching, and pulling strings, and with massage, we will give him a fairly useful hand. I don't wish to say that it will be a normal hand, but I feel it will be a tremendously improved hand." Dr. Lewis also testified to like effect, and expressed the opinion that he was sure that by further operative procedure the claimant would obtain function in his hand. This testimony fully justifies the finding that the condition of the claimant's hand had changed, in that it was being restored to an industrial use by numerous and persistent treatments. While the board did not find that fact as definitely as desirable, that is the fair construction that may be placed on its opinion and the conclusion reached.

If this were a permanent injury resulting in the actual industrial loss of the hand, then section 306(c) would, of course, apply, but as this claimant may, and in all probability will, recover the industrial use of his hand, compensation is measured by the loss of wages, "and this is so irrespective of whether the compensation thus payable is greater or less than the arbitrary number of weeks fixed in schedule 306(c)": *Kerfonte v. Carrolltown Coal Co. et al.*, 94 Pa. Superior Ct. 19, 20.

No reason appears in this record to disturb the finding and conclusion of the compensation authorities.

Judgement affirmed.