Strait *v.* Gulf Oil Company et al., Appellants.

Argued April 10, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John R. Bredin,* with him *Dalzell, McFall & Pringle,* for appellants.

*William A. Challener, Jr.,* with him *William A. Challener,* of *Challener & Challener,* for appellee.

OPINION BY PARKER, J., June 24, 1940:

This appeal in a workmen's compensation case is principally concerned with a question of procedure. Claimant met with an accident on October 17, 1936, and a hearing on a claim petition was held by a referee on August 20, 1937. The referee, on September 29, 1937, awarded him compensation for total disability for

periods aggregating 17 2/7 weeks prior to August 1, 1937, and for total disability for an indefinite period beginning August 18, 1937. On appeal the board remanded the record to the referee with directions to him to appoint an impartial specialist and take his testimony. This was done and the referee, on November 30, 1938, made the same order as he had made in the first instance. On appeal the board again remanded the record to the referee but later reconsidered its action and directed that the referee return the record to the board. On June 29, 1939, the board affirmed the award made by the referee.

On appeal to a court of common pleas the award was affirmed and judgment was entered December 9, 1939, for the total sum of $6,500, subject to certain limitations provided in the Workmen's Compensation Act, and then the court proceeded to liquidate the amount due and payable by defendant as of November 15, 1939, saying: "The total payments now due on this award, computed to and including November 15, 1939, are as follows: [Computation] $2,172.53." On December 2, 1939, the defendant presented to the board a petition for termination, alleging that disability ceased on September 15, 1937, and that claimant had returned to work for the same employer. The objection of the defendant to the liquidation of the judgment by the court of common pleas arises from the fact that it may be compelled to pay compensation for a period after the disability is alleged to have ceased and before it has had an opportunity to establish its claim that disability had terminated. When the board returned the record to the referee it was only for the purpose of calling an impartial expert to determine whether there was a causal connection between accident and disability. No opportunity was afforded to show a change in disability.

"The rule that an award is final unless appealed from (*Putt v. Laher Ice Cream Co.*, 105 Pa. Superior Ct. 536, 539; 161 A. 622; *Roeschen v. Dietrich*, 107 Pa. Superior

Ct. 298, 303, 163 A. 63) is limited in its application to the period included up to the date of the award. The law contemplates changes in awards thereafter corresponding to changes in the condition of disability of the claimant, and the award has no conclusive effect beyond the date of its entry. Of course, the burden is on the one averring a change to prove it": *Kilgore v. State Workmen's Ins.*, 127 Pa. Superior Ct. 213, 219, 193 A. 294. There has been an appeal here and the parties are not concluded in any respect. Also, see *McGee v. Y. & O. Coal Co.*, 121 Pa. Superior Ct. 85, 93, 182 A. 773. The statute does not contemplate that the court of common pleas in entering judgment shall liquidate the amount due on that date.

This is sufficient to show that the court should not have liquidated the amount due on November 15, 1939, as it did in fact do. If the court below in entering judgment had followed the procedure outlined in *Graham v. Hillman Coal & Coke Co.*, 122 Pa. Superior Ct. 579, 586, 186 A. 400, and stopped there, this reason could not have been assigned, but there are further difficulties encountered when we examine the statute and consider the action of the board.

Section 413 of the Workmen's Compensation Act (77 PS §772) provides that the board or referee appointed by the board may, within certain limitations, "modify, reinstate, suspend, or terminate an original or supplemental agreement or an award ...... upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification ...... or termination shall be made as of the date upon which it is shown that the disability of the injured employe has ...... [ceased or changed]." It is further provided by the same section, as modified by Act June 4, 1937, P. L. 1552 (77 PS §774), that a petition to terminate or modify an agreement or award

shall operate as a supersedeas, "and shall suspend the payment of compensation fixed in the agreement or by the award, to such extent as the facts alleged in the petition would, if proved, require," provided a supporting affidavit of a physician is attached. But payment must be made up to the date of the filing of a petition to terminate and, in case of a petition to modify, in addition payment must be made of the percentage of liability admitted. "No petition to terminate or modify an existing agreement or award shall be filed while said agreement or award is being adjudicated." The amendment of 1937 became effective on January 1, 1938. It is to be noted that up to this time there has not been a final award or an agreement.

Section 306 (a) (77 PS §511), establishing a schedule for distribution, provides: "Nothing in this clause shall require payment of compensation after disability shall cease."

If the defendant permits the award to be finally affirmed, it will find itself in a position where, if it then presented a petition to terminate, it would be compelled to pay the compensation fixed by the final award to the date of the filing of the petition to terminate. This anomaly has been created by the long delay between the date, August 20, 1937, when testimony was last taken bearing on the disability of the claimant, and the date when this award could now become final.

In *McGee v. Y. & O. Coal Co.*, supra, we indicated that a final award in a compensation case was conclusive only up to and including the date on which the referee made his award. In so holding we assumed that the referee's award would be promptly made and within a time when it would be presumed that the claimant's disability had not changed from what it was when the proofs were made bearing on that question and the award would be supported by evidence.

Claimant's disability was intermittent between the date of the accident and August 18, 1937, when the referee

held that it became total for an indefinite future. The period between August 18 and August 20 was a short one on which to base the future degree of disability and, in fact, defendant asserts that it was terminated on September 15, 1937. It also appears that the cause of disability was a sinus infection. This would seem to be a further reason for an additional investigation of the claimant's status since the referee's first award. Justice can only be done by remitting the record to the board for the taking of further testimony and making additional findings of fact to the end that the condition of claimant as to disability since September 15, 1937, may be determined. To deny this relief would be contrary to the spirit of the statute which contemplates that compensation shall be changed when disability changes and fixes the date for the change as the one upon which it is shown that the disability of the injured employee has ceased or changed.

The judgment of the court below is reversed and it is directed that that court return the record to the board for the purpose only of taking additional testimony as to claimant's disability after September 15, 1937, and determining what, if any, change in the disability of claimant has occurred since that date.