## Mongiat v. Star Marble & Tile Company

*Milton P. Shore,* for petitioner.
*Charles W. Snyder,* for defendant.

KENNEDY, J., March 19, 1942.—In this workmen's compensation case claimant, Angelo Mongiat, has filed exceptions to certain findings, conclusions, and order of the Workmen's Compensation Board. It appears from the record sent to us that claimant, on May 28, 1936, while in the employ of defendant, sustained an injury to his right knee, kneecap, and the cartilage. He received total disability compensation until shortly before September 14, 1938, when payments were suspended on petition filed by defendant, or its carrier, complaining that claimant refused to submit to a surgical operation on his right knee which was recommended by accredited surgeons either as a cure, or as a way for ascertaining the cause of delay in recovery. After full hearing, Referee Roberts on November 30, 1938, made an order suspending compensation until such time as claimant might submit to an operation. This order was affirmed by the Workmen's Compensation Board and then claimant took an appeal to this court at no. 3031, April term, 1939. On July 7, 1939, in an opinion written by McNaugher, J., the order of the Workmen's Compensation Board was affirmed.

The question raised in this court was whether or not a claimant could be required to submit to a reasonable operation that would not endanger life, at a period 30 days after the injury was sustained. We held that, while there was no appellate court decision ruling directly upon the point raised, section 306(e) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, was sufficiently flexible, and the fair interpretation thereof would be to the effect that claimant, at any time during the period that he is receiving compensation, may be called upon to submit to an operation if life is not in danger or great physical or mental pain caused. Claimant did not take an appeal from the decision and order of this court. However, shortly after July 7, 1939, he filed a petition with the Compensation Board requesting a rehearing or a re-

view of his case, and set forth in said petition that by reason of rest, care, and taking treatments at Mt. Clements, Michigan, he became fully cured without the necessity of an operation on July 1, 1939. His prayer, therefore, was to obtain both total and partial disability compensation from the period of September 14, 1938, until July 1, 1939. Referee Thornton made findings to the effect that hindsight had now ascertained that no operation was necessary on or before September 14, 1938. He made an award to claimant. On appeal to the Workmen's Compensation Board, the material findings, conclusions, and award of the referee were set aside on October 3, 1940, in an opinion written by Commissioner Knoll. Claimant filed supplemental petitions for rehearing, which were denied. From the order of the Compensation Board, denying to claimant any compensation during the period that he forfeited it for nonwillingness to submit to an operation, and until the time that he admitted that he was fully recovered, the appeal before us was taken. The decision of the Workmen's Compensation Board is based on the legal theory that claimant's rights became res judicata when he did not appeal from the decision of this court of July 7, 1939. We agree with the conclusion reached by the Compensation Board. The case of Roeschen v. Dietrich et al., 107 Pa. Superior Ct. 298 (1932), is practically controlling, and in many ways analogous to this instant case. The argument of counsel for claimant that time proved that an operation was not necessary because of the full recovery above referred to, that defendant was saved the expense of hospital and surgical charges and fees, that unquestionably some compensation would have had to be paid after the operation would have been performed, in any event during the period of convalescence, and that all of this money is saved to defendant, is in equity persuasive. However, compensation payable to injured employes is based solely on statute, and decisions must be reached

within the four corners of the provisions of the statute. The purpose of compelling an injured employe to submit to a reasonable operation, as aforesaid, is first, to bring about a quicker and more complete recovery, and secondly, to avoid malingering. Conceding that all of the allegations of claimant here are absolutely correct, it still necessarily follows under the statute and the decisions that, having forfeited his compensation following full and complete hearings, it cannot now be reinstated. The compensation law deals with principles and generalities and not with particular or isolated cases that might fall within the exception to the rules. An appropriate order will therefore be made dismissing the appeal of claimant.

### Order

Now, March 19, 1942, after argument and consideration of briefs of counsel for the respective parties, the exceptions ex parte claimant, to the decision of the Workmen's Compensation Board, be, and the same are hereby overruled, and claimant's appeal from said decision is hereby dismissed.