## Huha *v.* Frick Coke Company, Appellant.

Argued April 22, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Buell B. Whitehill,* of *Whitehill & Lane;* for appellant.

*Anthony Cavalcante,* for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

This workmen's compensation case is governed in principle by our ruling in *Seko v. Hub Knitting Co.,* 142 Pa. Superior Ct. 309, 16 A. 2d 138, and similar cases.[1] We held in the Seko case that an *award* by a referee unappealed from is a final adjudication of the claimant's accidental injury and of the causal connection between that injury and the disability for which compensation was allowed.

So, in this case, Referee Hanahue's order of April 26, 1939, unappealed from, awarding the claimant compensation from February 2, 1938 to July 2, 1938, was not only a final adjudication of the claimant's accidental injury in the course of his employment by defendant, resulting in a right direct hernia, entitling him to compensation for disability, but was a final adjudication that the *disability for which he received compensation* was a result or consequence of that injury; and as the referee's award covered the disability resulting from the unsuccessful operation performed by Dr. Robinson on March 17, 1938, and for three and a half months thereafter, including a stay in the hospital of three weeks following the operation, it adjudicated the causal connection between the accidental injury and the disability resulting from the unsuccessful operation

[1] See *Evans v. P. & R. C. & I. Co.,* 116 Pa. Superior Ct. 284, 286, 176 A. 791; *Kilgore v. State Workmen's Ins. Fund,* 127 Pa. Superior Ct. 213, 219, 193 A. 294; *Strait v. Gulf Oil Co.,* 140 Pa. Superior Ct. 464, 466-7, 14 A. 2d 168; *Putt v. Laher Ice Cream Co.,* 105 Pa. Superior Ct. 536, 539, 161 A. 622; *Roeschen v. Dietrich,* 107 Pa. Superior Ct. 298, 303, 163 A. 63.

for which claimant was awarded compensation. Otherwise compensation could not have been awarded claimant for the disability of three and a half months resulting from the operation of March 17, 1938.

And it made no material difference whether the injury *caused* the *right direct hernia,* which the defendant company's plant physician found on his examination of claimant on the day of the accident, inducing him to refer claimant to Dr. Robinson, who advised the operation, or merely aggravated a pre-existing incomplete hernia, causing it to descend; for in either event, compensation would be payable: *Zionek v. Glen Alden Coal Co.,* 105 Pa. Superior Ct. 189, 193, 160 A. 154.

Nor does it make any difference whether Dr. Robinson *considered* it a 'welfare' case or an 'accident' case. The award unappealed from adjudicated the causal connection between the injury and the operation and the disability resulting from it.

The record shows that on May 31, 1939 compensation was paid claimant up to July 2, 1938, and he signed a final receipt for the same.

On June 12, 1939 claimant filed a petition for reinstatement of the award of compensation, averring a recurrence of his injury and that he was then suffering from a right inguinal hernia as a result of his injury of February 1, 1938. The defendant filed an answer denying any recurrence of disability as the result of the accident of February 1, 1938 and averred that the award of Referee Hanahue is "now res adjudicata of the matter".

The case was assigned to Referee Foust, who after hearing testimony, found: (1) That the claimant is totally disabled as a result of his accidental injury of February 1, 1938 and will continue to be totally disabled until such time as a properly fitting truss is obtained, which proves a corrective measure in restoring that part of his anatomy sufficiently to permit him to go to work. He also found, in substance, that the

claimant's tissues were so weak as a result of the operation of March 17, 1938 that the hernia could not be remedied by another operation; and awarded compensation for total disability.

On appeal to the board, that body reversed the fourth finding of fact of the referee and substituted therefor its own fourth finding, and added an eleventh finding, to-wit:

"4.  We find as a fact that on February 1, 1938 the claimant sustained an accident during the course of his employment with the defendant when he tripped while carrying a rail, falling in a squatting position, the said rail striking him in the right groin, causing the aggravation of a pre-existing incomplete right direct hernia; that the hernia was later reduced; that on March 15, 1938 the claimant was attended by Dr. George H. Robinson, surgeon, at the Uniontown Hospital; that on March 17, 1938, the claimant was operated upon by Dr. Robinson for the repair of the incomplete right direct hernia; that this operation was furnished by the defendant as a welfare case to improve the claimant's condition; that the claimant was discharged from the Uniontown Hospital on April 8, 1938, and a short time thereafter suffered a recurrence of the hernia caused by a *weakness of surrounding tissue resulting from this operation* and from a like operation which had been performed in 1930 ......

"11.  From all the evidence, the Board is of the opinion and finds as a fact that the claimant's disability after July 2, 1938, did not result from accidental injuries sustained during the course of his employment with the defendant on February 1, 1938, or at any other time, but *that such disability resulted from an unsuccessful operation performed in March, 1938,* for the repair of a right direct incomplete hernia which had existed prior to the date of the unfortunate accident and which operation did not result from the accident of February 1, 1938." (Italics supplied).

In discussing the case the board said:

"The condition causing the claimant's present disability is a right incomplete inguinal hernia. It may be 'approximately the same' as the incomplete hernia which existed prior to the date of the accident. However, it is a different hernia, resulting from the breaking of different tissues in the claimant's body. *The incomplete hernia presently existing results from the unsuccessful attempt to repair the right incomplete inguinal hernia. If that operation resulted from the accident of February 1, 1938, the present disability would be compensable.*" (Italics supplied).

The board overlooked that the award of Referee Hanahue on April 26, 1939, was an adjudication that the operation by Dr. Robinson on March 17, 1938 was a result or consequence of the accidental injury on February 1, 1938; and not having been appealed from, it was *res judicata* as to the causal connection between the injury and the operation of March 17, 1938, and cannot be set aside by the board.

Hence the findings of the board in its substituted fourth and added eleventh findings, in so far as they are contrary to the adjudication of April 26, 1939, cannot be sustained and must be set aside as beyond its powers; and the court below, on appeal from the board, was justified in so doing and in reinstating the award; for the board itself recognized that if the operation of March 17, 1938 was a result of the injury of February 1, 1938, the award was proper.

The assignments of error are overruled, the appeal is dismissed and the record is remitted to the court below in order that judgment may be entered in favor of the claimant on the award.